John Paul GASTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41776.

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Robert E. Goodman, of Goodman, Hallmark, Hoy & Beard, El Paso, for appellant.

Barton Boling, Dist. Atty., Edward S. Marquez, Asst. Dist. Atty., El Paso, and Jim D. B. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is assault with intent to rob; the punishment, assessed by the jury, 10 years' confinement in the Texas Department of Corrections.

Appellant does not challenge the sufficiency of the evidence to sustain this conviction resulting from a trial commencing on December 4, 1967. We, therefore, deem it unnecessary to set forth the facts.

In his first ground of error appellant contends the trial court erred in admitting his written confession into evidence over objection since such confession was not voluntarily made and was therefore inadmissible as a matter of law.

His claim is based primarily on his own testimony at a hearing in the jury's absence on the voluntariness and admissibility of the confession. He related that after he was "brought * * * back from California"[1] he appeared twice before Justice of the Peace Windberg. The first time, he testified, the magistrate merely told him "You are charged with assault with intent to rob. On this charge, I'm denying you bail" and informed him the offense was punishable by death. The second time, it appears from appellant's testimony the magistrate gave the warnings required by Article 15.17, Vernon's Ann.C.C.P.

The State's evidence offered at such hearing reflects only that the appellant was taken before the magistrate one time on June 23, 1967, at 9:15 a. m. and that he was

given the proper warnings. Thereafter a written confession was taken from the appellant commencing at 9:37 a. m. on the same day and signed by the appellant in the presence of two witnesses at 10:45 a. m.

Appellant concedes that Section (a) of Article 38.22, V.A.C.C.P., 1965, in effect at time of the confession, was complied with fully. See Acts 1967, 60th Leg., Ch. 659, pp. 1732, 1752, Sec. 41.[2] See also Article 38.22, Sec. 1, as amended in 1967. Nevertheless, appellant contends his testimony is supported indirectly by the fact that the warrant issued did not reflect the amount of bail, if permitted, as was the customary procedure and that appellant was held without bail from June 23, until September 7, 1967, when he was indicted. This, he urges, demonstrates the involuntariness of the confession. See Article 38.21, V.A.C.C.P.

▮ Judge Windberg, an attorney, could not recall having advised appellant as to the maximum punishment for the offense with which appellant was charged but denied informing him that the penalty could be either life or death. Appellant himself testified that the officers who had him in custody did not make any promises to induce his confession. We do not find any support in the record for appellant's contention and testimony that he thought if he made a confession he would perhaps "beat the chair." At the conclusion of the separate hearing the judge stated that the confession had been voluntarily given and that the appellant had made "an intelligent waiver" of his rights in connection therewith.

Ground of error #1 is overruled.

▮ Next appellant complains that the trial court failed to enter an order, following the separate hearing, stating its findings that the confession was voluntary. It appears, though, that the trial court did file

---

1. Where the confession reflects appellant fled after the alleged offense.

2. "Sec. 41—Saving Clause
   "Any confession admissible at the time it was made shall be admissible at any

trial subsequent to the effective date of this Act. The provisions of this Act shall not affect the admissibility of confessions made prior to the effective date of the Act." See Article 1.14, V.A.C.C.P., note.

such findings in the record after appellant filed his appellate brief in the trial court as required by Article 40.09, Sec. 9, V.A. C.C.P., complaining of such failure.

It is observed that at the conclusion of the separate hearing the court dictated its findings into the record with unmistakable clarity so as to satisfy the constitutional requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. See Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Lopez v. State, Tex.Cr. App., 384 S.W.2d 345.

Article 38.22, subd. 3, Sec. (b) as enacted in 1965 did provide in part:

> "If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, *he shall enter an order stating his findings which shall be filed among the papers of the cause but not exhibited to the jury. Only thereafter may evidence pertaining to such matter be submitted to the jury * * *"* (emphasis supplied)

It is noted, however, that Article 38.22, supra, was amended by Acts 1967, 60th Leg., p. 1740, ch. 659, Sec. 23, effective August 28, 1967. Such amendment, in effect at the time of appellant's trial, eliminated or omitted the use of the words "Only thereafter. * * *" See Article 38.22, Sec. 2, V.A.C.C.P., 1967.

Such amendment obviously envisions the filing of such findings as soon as practicable and certainly within a reasonable time. While we agree with appellant that the findings in the case at bar were not filed as timely as they might have been, we fail to see how appellant has been harmed or prejudiced.

In another part of his second ground of error, appellant complains of the trial court's failure to instruct the jury generally on the law pertaining to confessions and in particular on the burden of proof as to the voluntariness of the confession admitted. First, we note that no evidence raising the issue of voluntariness was offered before the jury, and second, that no special requested charge nor objection in accordance with Articles 36.14 and 36.15, V.A.C.C.P., was made.

Ground of error #2 is overruled.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.

WOODLEY, Presiding Judge (concurring).

I concur in the affirmance of the conviction, but as to appellant's ground of error No. 2, would further observe that in Charles v. State, 424 S.W.2d 909, cert. denied, this court stated (p. 921)

> "Also we point out that this court has not held that the provision of Art. 38.22 (b) V.A.C.C.P. (1965), which provided that the court enter an order stating his findings, was mandatory and we decline to so hold."