Dale Steven **HORN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–85–018–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 27, 1985.

Peavy & Douglas, and Don E. Peavy, Sr.,
Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Russell Saunders, Asst., Fort Worth, for the State.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

ASHWORTH, Justice.

Appellant entered a plea of guilty to the jury for the offense of aggravated robbery. TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). Enhanced by two prior felony convictions, his punishment was assessed by the jury at ninety-nine years confinement.

We affirm.

The basic facts are not in dispute. Appellant was arrested for aggravated robbery on June 6, 1984. He arrived at the jail sometime between 8:00 a.m. and 9:00 a.m. and was taken from his jail cell by Detective C.L. Coleman and presented before a magistrate, whereupon appellant was given his *Miranda* rights. Detective Coleman next took appellant to the Robbery Office to prepare him for a lineup. As the two men were returning to appellant's jail cell from the Robbery Office, appellant volunteered to make a statement. Officer Coleman provided appellant with a form and a pen and appellant wrote out his confession in longhand. At a pre-trial hearing, the trial court found that appellant's confession was given voluntarily and in compliance with the law and was therefore admissible. Appellant then decided to plead guilty.

In his first ground of error, appellant contends that the trial judge erred in ruling that the written statement given by appellant was admissible because the State failed to show compliance with TEX.CODE CRIM.PROC.ANN. art. 38.22 sec. 2 (Vernon 1979), which provides:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.-17 of this code or received from the person to whom the statement is made a warning that: ....

■ Specifically, appellant contends that his statement was inadmissible because it contains recitals saying that Officer Coleman *Mirandized* him when in fact he received his warnings from the magistrate. This contention is without merit. We note first that appellant himself introduced the confession. We hold, therefore, that he cannot now complain that it was not voluntary. *Crawford v. State*, 617 S.W.2d 925, 932 (Tex.Crim.App.1980), *cert denied*, 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 431, *reh'g denied*, 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1005. However, in the interest of justice we will address his contentions.

■ Since the discrepancies complained of here do not affect the correctness of the warning provided in TEX.CODE CRIM. PROC.ANN. art. 15.17 (Vernon Supp.1985), we hold that appellant was advised of his rights in full compliance with TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). Technical compliance with the Texas confession statute is not violative of *Miranda. Eddlemon v. State*, 591 S.W.2d 847, 850 (Tex.Crim.App.1979); *Maloy v. State*, 582 S.W.2d 125, 129 (Tex.Crim.App. 1979); *Hobson v. State*, 627 S.W.2d 532, 534 (Tex.App.—Corpus Christi 1982), *aff'd on other grounds*, 644 S.W.2d 473 (Tex. Crim.App.1983). Appellant's first ground of error is overruled.

In a related ground of error, appellant contends that his written statement was inadmissible because the trial judge failed to enter an order as to its voluntariness. Appellant's complaint is grounded in TEX. CODE CRIM.PROC.ANN. art. 38.22, sec. 6 (Vernon 1979) which states in relevant part:

Sec. 6. In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary condi-

tions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must *enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.* Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. [Emphasis supplied.]

Appellant admits that the trial judge dictated his findings into the record, but he claims "mere dictation is insufficient." We disagree.

■ The trial judge files findings of facts in order to assist this court in determining the sufficiency of the evidence to support whatever conclusions were reached by the fact finder. *McKittrick v. State,* 535 S.W.2d 873, 875 (Tex.Crim.App.1976); *Hester v. State,* 535 S.W.2d 354, 356 (Tex. Crim.App.1976). The dictated order which appears in the record is sufficient to apprise this court of the bases for the trial judge's conclusions and satisfy the dictates of *Jackson v. Denno.* *See Gaston v. State,* 435 S.W.2d 858, 860 (Tex.Crim.App. 1969). We overrule appellant's second ground of error.

In ground of error three, appellant contends that the trial court erred in failing to quash the enhancement count on forgery because it failed to adequately describe the offense. Appellant cites *Landry v. State,* 583 S.W.2d 620 (Tex.Crim.App.1979), which involves a fundamentally defective indictment *charging* forgery.

■ The purpose of the enhancement recitals is to put the appellant on notice of what his prior conviction consisted. *Bevins v. State,* 422 S.W.2d 180, 181 (Tex.Crim. App.1967). Thus it is not necessary that the allegation of a prior conviction should be alleged with the same particularity as the offense charged. *Farris v. Texas,* 155 Tex.Cr.R. 261, 233 S.W.2d 856, 858 (Tex. Crim.App.1950).

■ In the instant case, the enhancement paragraph particularly sets forth the date, the court, and the cause number of the felony conviction. We hold that appellant was properly put on notice of what offense his prior conviction consisted and overrule appellant's ground of error three.

In his fourth ground of error, appellant contends that the trial judge erred by failing to submit the following instruction to the jury:

The laws of the State of Texas sets up the presumption that persons convicted of a felony offense and who have twice before been convicted of a felony offense, are incorrigible. If, however, you find that the Defendant, Dale Steven Horn, is not incorrigible, then in that event, you may assess the punishment of the Defendant at confinement in the Texas Department of Corrections for any term of years not more than 99 years, or life, nor less than five years.

Appellant cites *Green v. State,* 566 S.W.2d 578, 584 (Tex.Crim.App.1978) and other cases holding that a defendant is entitled to an instruction on any *defensive* theory raised by the evidence. Appellant further argues that unless a fact finding is made concerning whether the defendant is incorrigible, then TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1985) creates an unconstitutional irrebuttable presumption.

■ Appellant pled guilty to the offense of aggravated robbery and requested the instruction during the punishment phase of the trial. Thus *Green* and its progeny do not apply and the instruction need not be given unless it is necessary to satisfy minimum constitutional standards. That argument has already been rejected. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Brooks v. State,* 642 S.W.2d 791, 799 (Tex.Crim.App.1982). We therefore overrule appellant's fourth

ground of error and affirm the judgment of the trial court.

Judgment affirmed.