Robert HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00384–CR.

Court of Appeals of Texas,
San Antonio.

May 31, 1989.

R. Emmett Harris, Uvalde, for appellant.

Rogelio Munoz, Dist. Atty., Uvalde, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

CHAPA, Justice.

This is an appeal from a conviction for the felony offense of murder. Punishment was assessed at 99 years' confinement in the Texas Department of Corrections.

The only point of error cites the trial court's actions in admitting the appellant's confession without a hearing outside the hearing of the jury on the issue of voluntariness, and in failing to make specific written findings of facts and conclusions of law.

The record reflects that the appellant at no time filed a motion to suppress or requested a hearing on the confession's voluntariness outside the presence of the jury. During trial, appellant, without objection, permitted the State to introduce evidence of the voluntariness of the confession before the jury, through the testimony of Police Chief Vance L. Chisum. Indeed, the appellant participated actively in this hearing before the jury with cross-examination of the State's witness. Further, after objecting to the admissibility of the confession, the appellant acquiesced and participated in active argument to the court in the presence of the jury as to the voluntariness of the confession, thereby apparently choosing the tactic of informing the jury of his position with regard to the confession.

At no time, either before or after objecting, did the appellant request a hearing on the matter of voluntariness outside the presence of the jury.

Without contending how he was harmed, appellant only complains that the trial court did not conduct a hearing outside the hearing of the jury *sua sponte* on the issue of voluntariness of his confession, and failed to submit written findings of fact and conclusions of law.

Because the original record failed to reflect these written findings and conclusions, this court abated the appeal, ordered the trial judge to permit appellant to present any additional evidence regarding the voluntary nature of appellant's confession, and to submit to this Court evidence of compliance with this Court's order and written findings of fact and conclusions of law.

The trial court complied with the order of this court by giving appellant and his counsel an opportunity to present additional evidence to the trial court on the issue of voluntariness of the confession. Appellant and his counsel failed or refused to present any additional evidence, and the trial court has now submitted proper written findings of facts and conclusions of law to this Court which conclude that appellant's confession was voluntary and admissible "as a matter of law and fact."

The only issue remaining, therefore, is whether the late filing of the court's written findings of fact and conclusions of law as required by TEX.CODE CRIM.PROC. ANN. art. 38.22 is reversible error. TEX. R.APP.P. 81(b)(2).

TEX.R.APP.P. 81(b)(2) provides:

(b) **Reversible Error.**

(2) Criminal Cases. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

The Texas Court of Criminal Appeals approved a procedure similar to the one employed by this Court in abating to permit the trial court to submit findings of fact and conclusions of law, stating:

Whether the trial court files findings insufficient in detail to allow an appellate court to resolve the dispute upon which an appealing party predicates his appeal, as in *Hester v. State, supra* [535 S.W.2d 354, 356 (Tex.Crim.App.1976)], and

*Quinn v. State,* 558 S.W.2d 10 (Tex. Crim.App.1977), or no findings are made to support the ruling of the trial court on the voluntariness issue, as in *Figueroa v. State,* 473 S.W.2d 202 (Tex.Crim.App. 1971); *Davis v. State,* 499 S.W.2d 303 (Tex.Crim.App.1973) (opinion on original submission); *McKittrick v. State, supra* [535 S.W.2d 873 (Tex.Crim.App.1976)], the duty of the appellate court is clear. The proper procedure is that the appeal will be abated and the trial judge will be directed to reduce to writing his findings on the disputed issues surrounding the taking of appellant's confession. *McKittrick v. State, supra,* at 876; *Bonham v. State,* 644 S.W.2d 5, 8 (Tex.Crim.App. 1983). The trial judge may review the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection of the reasons behind such ruling. *Hester v. State, supra,* at 356; *McKittrick v. State, supra,* at 876.

*Wicker v. State,* 740 S.W.2d 779, 786 (Tex. Crim.App.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988).

■ This record reflects that appellant failed to file a motion to suppress, and permitted and fully participated in a full hearing before the jury on the question of the voluntariness of the confession. It was only after the full hearing on the issue of voluntariness was had before the jury that the trial court was first made aware that appellant objected to the admission of the confession. A trial court has a duty to hold a hearing outside the hearing of the jury when an objection is made to the admissibility of the confession; *Page v. State,* 614 S.W.2d 819 (Tex.Crim.App.1981), however, a full hearing had already taken place in this case before the jury with the concurrence and participation of appellant. Although it would have been a better practice for the trial judge to have offered appellant an opportunity to an out of court hearing, if desired, to receive additional evidence, if any, there is nothing in the record to indicate that additional evidence was available. In fact, appellant's counsel actively participated in examination of the State's witness during the full hearing before the jury and notified the court that he had no further questions before objecting to the confession. Further, appellant failed to present additional evidence when invited to do so by the trial judge after this Court abated the appeal for that purpose.

■ The trial court also had a duty to submit written findings of fact and conclusions of law on the voluntariness of the confession. *Page v. State, supra.* This has been now complied with by the trial court at the direction of this Court.

■ We conclude that under these circumstances, the court's failure to timely submit findings of fact and conclusions of law, beyond a reasonable doubt, made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2).

The judgment is affirmed.