**Steven Anthony BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70745.**

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Andrew L. Jefferson, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., George Lambright, Belinda Hill and Maria Hayes, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A., Penal Code, § 19.03(a)(2). After finding appellant guilty, the jury returned affirmative findings to the special issues submitted to them pursuant to Art. 37.071, V.A.C.C.P. Punishment was assessed at death.

Appellant has filed a brief raising ten points of error. In his sixth point of error, appellant alleges the trial court erred when it failed to file findings of fact and conclusions of law following a hearing in which the trial court denied appellant's motion to suppress several purported confessions. Appellant states this Court is required' to abate this appeal and direct the trial court to prepare and file the findings of fact and conclusions of law mandated by Art. 38.22, § 6, V.A.C.C.P. *Wicker v. State,* 740 S.W.2d 779, at 783–784 (Tex.Cr.App.1987), cert. denied 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 and *Harris v. State,* 771 S.W.2d 10 (Tex.App.—San Antonio, 1989). In its reply brief, the State agrees with appellant's sixth point of error that this appeal should be abated while the trial court files its findings of fact and conclusions of law regarding appellant's confession. The State argues that an abatement is the most relief that appellant should receive on this point.

This Court orders the appeal in the instant cause be abated. This cause is remanded to the trial court to make the findings of fact and conclusions of law called for by Art. 38.22, § 6, V.A.C.C.P. Following that, the trial court shall promptly forward the properly perfected record to this Court.

It is so ordered.