In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00065-CV


______________________________




HARVEY BANKS AS REPRESENTATIVE OF THE


ESTATE OF ANGELA MICHELLE BANKS, Appellant


V.



BELVIA HARMON, INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF STEVEN HARMON,

AND THOMAS HARMON, Appellees



 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 98C1759-102




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Appellant, Harvey Banks, as representative of the estate of Angela Banks, and appellees
Belvia Harmon, individually and as representative of the estate of Steven Harmon, and Thomas
Harmon, have filed a motion with this Court in which they informed this Court they have settled
their differences and no longer desire to proceed with the appeal. They therefore have asked this
Court to sever their portion of this appeal from that of the remaining appellees, Kenneth Willis and
Connie Willis. 

 They further ask this Court to remand to the trial court so that it may enter orders to
effectuate their settlement agreement. 

 In order to provide the relief sought, we order Banks' appeal against the Harmons severed
from Banks' appeal against the Willises. We assign Banks' appeal against the Harmons to cause
number 06-03-00065-CV. 

 The motion is granted. The appeal by Banks against the Harmons, cause number
06-03-00065-CV, is remanded for entry of orders to effectuate the settlement agreement among the
parties.



 Jack Carter

 Justice


Date Submitted: May 13, 2003

Date Decided: May 14, 2003



ount alleges his trial counsel was deficient for introducing, during cross-examination of the victim's mother, evidence that Blount had been accused of sexually
abusing other children. Counsel asked the victim's mother about an incident, occurring
before the victim made her accusation against Blount, in which the victim's mother said,
about Blount, that "there was a molester in the neighborhood." The victim's mother
responded she had heard that Blount had "did something to somebody else's kid." On
redirect examination, the State was able to elicit testimony that Blount had been accused
of sexually abusing two other children and that one of those children had been treated for
gonorrhea, just as the victim had been. 

 Blount cites Stone v. State, 17 S.W.3d 348, 352 (Tex. App.-Corpus Christi 2000,
pet. ref'd), in which, at the defendant's trial for delivery of cocaine, his trial counsel
introduced evidence the defendant had been convicted of murder and released from prison
more than ten years earlier. The trial court had already indicated the prior conviction was
inadmissible. Id. at 352-53; see also Tex. R. Evid. 609. The court of appeals held that,
under the facts of that case, no reasonable attorney would have introduced the prior
murder conviction and that the defendant was prejudiced by his attorney's error because
his credibility, on which his alibi defense depended, was undermined and because the prior
conviction gave substance to testimony that he had threatened the state's witnesses. 
Stone, 17 S.W.3d at 353.

 Stone is distinguishable because in that case no strategic basis for counsel's actions
appeared on the face of the record, and the court could conceive of no reasonable basis
for those actions. In the present case, one possible strategic basis for eliciting such
testimony was to discredit the victim's mother. Counsel asked the victim's mother why,
when she was aware of rumors that Blount had sexually abused another child, would she
put her daughter in an environment in which Blount would come in contact with her. 
Blount's defense at trial was that the victim fabricated the allegation or that someone else
assaulted her, as she was consistently exposed in her home to sexual situations,
pornographic material, and a stream of men who had the opportunity to assault her. 
Blount's defense therefore relied on the poor supervision exercised by the victim's mother. 
From that standpoint, counsel could have concluded that bringing to light the victim's
mother's poor supervision was worth the risk of informing the jury about rumors of other
accusations of Blount's sexual abuse. Though counsel's actions may seem imprudent in
hindsight, it is not for us to second-guess her strategy.

 Blount next contends his trial counsel was deficient in failing to introduce records
that one of the other allegations against him had been investigated by Child Protective
Services and dismissed. However, Blount's counsel called that child's mother as a witness. 
She testified that an investigation found that Blount engaged in no wrongdoing with respect
to her daughter. Thus, on the record before us, counsel's actions do not constitute
deficient performance.

 Blount further contends his trial counsel was deficient for failing to object when the
State introduced evidence of his prior extraneous bad conduct. On cross-examination of
Blount's brother, the State asked him to "tell me about your brother." Blount's brother
responded, in part, that Blount is "a good person." The State then elicited testimony that
Blount had been involved in an unauthorized use of a motor vehicle offense, had used
drugs, and had associated with and/or was a member of a gang. Blount's attorney made
no objection to this line of questioning.

 Blount contends that, assuming this extraneous transactions evidence would have
been admissible under Tex. R. Evid. 404(b), the State failed to give "reasonable notice . . .
in advance of trial of [its] intent" to use these accusations. However, the record is
inconclusive concerning whether the State gave notice of its intent to use additional
accusations of sexual abuse in its case-in-chief. At a pretrial hearing, the trial court heard
Blount's request for notice of intent to offer extraneous conduct under Rule 404(b). The
trial court inquired of the State whether it had given the requested notice. Blount's trial
counsel commented, "I have been provided with a written response to that, Your Honor." 
The trial court asked, "Is that by response, you mean, a notice?" Blount's attorney
responded, "Yes, sir." 

 No copy of the notice Blount's attorney received is included in the record. 
Therefore, we cannot assume, on the record before us, the State would have been
prevented, by its failure to give reasonable notice, from using the other accusations of
sexual abuse made against Blount in its case-in-chief.

 Blount contends this extraneous transaction evidence was inadmissible and no
reasonable attorney would have refrained from objecting to it. We agree that counsel
could have had no reasonable basis for refraining from objecting to evidence of her client's
bad acts, unless that evidence was otherwise admissible. Thus, whether counsel's
performance was deficient turns on the question of whether the evidence was admissible.

 The general rule is that evidence of other crimes, wrongs, or acts is inadmissible to
prove a person's character, but that evidence is admissible for other purposes. Tex. R.
Evid. 404. If an objection is made to extraneous offense evidence under Rule 404(b), the
proponent of the evidence must persuade the trial court that the evidence has relevance
apart from character conformity, e.g., it tends to establish some elemental fact, such as
identity or intent; that it tends to establish some evidentiary fact, such as motive,
opportunity, or preparation leading inferentially to an elemental fact; or that it rebuts a
defensive theory, e.g., by showing the absence of mistake or accident. Tex. R. Evid.
404(b); Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990) (op. on
reh'g); McAllister v. State, 34 S.W.3d 346, 353 (Tex. App.Texarkana 2000, pet. ref'd).

 Even if Blount's identity was in issue, the extraneous bad conduct to which his
brother testified-Blount's involvement in an unauthorized use of a motor vehicle offense,
using drugs, and associating with a gang-would not be probative of his identity in this case,
where he was charged with aggravated sexual assault of a child. Blount also did not
contest the issue of intent; rather, he defended himself on the basis that he did not commit
the offense, but that someone else must have. The victim's testimony supplied the intent
element of the offense, as the State accused Blount of intentionally or knowingly causing
the penetration of the victim's sexual organ by inserting his sexual organ. See Tex. Pen.
Code Ann. § 22.021(a)(1)(B)(i) (Vernon Supp. 2001). Even if identity or intent was in issue,
the extraneous transaction evidence was not probative of those questions.

 Similarly, the extraneous transaction evidence was not probative on Blount's
opportunity to assault the victim or on his motive for doing so. Rather, the extraneous
transaction evidence had the tendency to portray Blount as a criminal generally, which Rule
404(b) prohibits.

 Further, the extraneous transaction evidence did not rebut Blount's defensive theory
that another man assaulted the victim or that the victim fabricated the accusation. 
Arguably, the State offered the extraneous transaction evidence to rebut the impression
that Blount is "a good person." However, the State elicited this testimony by asking
Blount's brother to "tell me about your brother." Consequently, we agree with Blount that
no reasonable attorney would have refrained from objecting to the extraneous transaction
evidence.

 The State contends that even if the instances Blount cites constitute deficient
performance, the result of the trial would not have been different. The eight-year-old victim
testified that Blount put his penis into her vagina and that he assaulted her between five
and ten times. She also testified Blount was the only person who ever assaulted her. 

 The victim's mother testified that the victim told her Blount was "messing with me"
and that the victim had injuries in and around her vaginal area. The jury was also shown
a videotape in which the victim told a sexual assault interviewer about the assault. The
State offered medical evidence showing that the condition of her vaginal tissue was
consistent with penile penetration. 

 The State also presented Blount's statement to police in which he admitted
assaulting the victim about five different times. The officer who took the statement testified
that he asked Blount if he had any sexually transmitted diseases and that Blount
responded that he had gonorrhea. The State presented medical records that the victim
also tested positive for gonorrhea. 

 In light of the evidence against him, the fact that the victim's testimony was
corroborated by her prior statements to her mother and to the sexual assault interviewer,
the medical evidence of an assault, and the medical evidence linking Blount to the assault,
there is no reasonable probability that the outcome of Blount's trial would have been
different absent his counsel's errors. We overrule Blount's first issue on appeal.

 In his second issue on appeal, Blount contends the trial court erred in failing to file
written findings of fact and conclusions of law after conducting a hearing concerning the
voluntariness of a statement Blount made to police. He requests this Court to abate this
appeal and remand the case to the trial court for entry of such findings, after which he
requests that we afford him an opportunity to supplement his brief to address issues raised
by those findings.

 Article 38.22, § 6 of the Texas Code of Criminal Procedure requires that any time
a question is raised about the voluntariness of an accused's statement, the trial court must
make "an independent finding in the absence of the jury as to whether the statement was
made under voluntary conditions." Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon
1979). If the trial court finds the accused made the statement voluntarily, it must "enter an
order stating its conclusion as to whether or not the statement was voluntarily made, along
with the specific finding of facts upon which the conclusion was based, which order shall
be filed among the papers of the cause." Id.

 The record shows that at the end of the hearing the trial court recited the following:

 The Court finds that the [sic] pursuant to Article 38.22, Section 2,
subparagraph (a) the police officer did admonish Mr. Leonard Blount of his
Miranda warnings, of the warnings therein prescribed.

 The Court further finds that according to the evidence that the
defendant did prior to and during the making of the statement, knowingly,
intelligently and voluntarily waive these rights set out in the warnings set out
in subparagraph (a) of this section.

 [T]he Court finds that the statement is voluntary; the Court finds that
the statement is admissible.


The State contends these findings, dictated into the record, are sufficient to comply with
Article 38.22, § 6. We agree.

 A long line of Texas Court of Criminal Appeals cases holds that Article 38.22, § 6
is mandatory and requires a trial court to file findings of fact and conclusions of law
regarding the voluntariness of a defendant's statement, regardless of whether the
defendant objects to the absence of such omitted findings. Green v. State, 906 S.W.2d
937, 938-39 (Tex. Crim. App. 1995); Wicker v. State, 740 S.W.2d 779, 783 (Tex. Crim.
App. 1987); Dykes v. State, 649 S.W.2d 633, 636 (Tex. Crim. App. 1983); McKittrick v.
State, 535 S.W.2d 873, 876 (Tex. Crim. App. 1976); Hester v. State, 535 S.W.2d 354, 356
(Tex. Crim. App. 1976); see Butler v. State, 790 S.W.2d 661, 662 (Tex. Crim. App. 1990);
see also Creager v. State, 952 S.W.2d 852, 856-57 (Tex. Crim. App. 1997). However,
numerous courts have also held there is sufficient compliance with Article 38.22, § 6 when
the trial court dictates its findings of fact and conclusions of law to the court reporter at the
end of the hearing, and those findings are transcribed and made a part of the record
without objection. Parr v. State, 658 S.W.2d 620, 623 (Tex. Crim. App. 1983); Amunson
v. State, 928 S.W.2d 601, 607-08 (Tex. App.-San Antonio 1996, pet. ref'd); see also Lee
v. State, 964 S.W.2d 3, 12 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd); Perkins v.
State, 779 S.W.2d 918, 925 (Tex. App.-Dallas 1989, no pet.); Horn v. State, 699 S.W.2d
714, 716 (Tex. App.-Fort Worth 1985, no pet.).

 Blount does not complain the trial court's findings are insufficient to aid this Court
in determining the basis for its conclusion. Under these circumstances, there is no error. 
We overrule Blount's second issue on appeal.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 14, 2001

Date Decided: October 24, 2001


Publish