

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00501-CR

ROBERT RICHARDSON                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## DISSENTING OPINION

----------

I write yet again in dissent because, again, this court applies conflicting rules of procedure to trial courts' rulings on motions to suppress, depending on whether the trial court rules for the State or for the defense.

It has been well established that when a trial court rules against a defendant on a motion to suppress, and the trial court rules orally on the record and states its findings of fact and conclusions of law on the record, the trial court has satisfied all

requirements concerning the ruling and the findings of fact and conclusions of law,[1] and the defendant has preserved the complaint for appellate review.[2] But, as in *State v. Cox*,[3] the majority here confuses the criminal rules of procedure with the civil rules of procedure. When the State prevails in defeating a defendant's motion to suppress, the trial court is not required to enter a separate written order apart from that dictated into the record.[4] When, however, the defense prevails, someone must draft a written order, which the trial judge must then sign and file in the record of the case.[5]

The effect of these schizophrenic rules of procedure is to substantially extend the appellate timetable for the State in appealing the ruling on a motion to suppress in which the defense prevails. Had the legislature intended for the State's timeline for appealing the granting of a motion to suppress to be substantially longer, the legislature would have provided for a different timeline by statute. As it is, this court

---

[1]*See, e.g., Gaston v. State*, 435 S.W.2d 858, 860 (Tex. Crim. App. 1969); *Horn v. State*, 699 S.W.2d 714, 716 (Tex. App.—Fort Worth 1985, no pet.).

[2]*See* Tex. R. Evid. 103(a)(1); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh'g) ("It is settled that when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error."), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33 (Tex. Crim. App. 1997).

[3]235 S.W.3d 283 (Tex. App.—Fort Worth 2007, no pet.) (en banc majority op.).

[4]*See, e.g., Gaston*, 435 S.W.2d at 860; *Horn*, 699 S.W.2d at 716.

[5]*See Cox*, 235 S.W.3d at 284–85.

has usurped the province of the legislature by creating a measure that extends the State's appellate timeline without approval of the legislature by the simple expedient of applying civil rather than criminal law.[6]

I reiterate what I stated in *Bracken v. State*,[7]

> The trial court orally denied Appellant's motions to suppress but did not enter a written order. In his first point, Appellant argues that the trial court erred by denying his motions to suppress. This court has held that there is no appealable ruling on a motion to suppress unless the trial judge enters a written order. As noted in *Cox*, "[W]e notified the State of our concern that we lacked jurisdiction over the appeal because there is no appealable written order." We concluded in the opinion that we indeed lacked jurisdiction based on the absence of a written order.
>
> Following the *Rosenbaum* court, we interpreted "entered by the court" to mean the signing of a written order. We recognized that *Rosenbaum* dealt with former appellate rule 41(b)(1), which required an appealable order signed by the trial court, and which has been superseded by appellate rule 26.2(b), which does not. And we did not address the fact that although article 44.01(d) of the code of criminal procedure and appellate rule 26.2(b) speak of a sentence to be appealed, the appellate timetable runs not from the signing of the written judgment and sentence but from the pronouncement of sentence in open court.
>
> By holding in *Cox* that the trial court does not enter an order granting a motion to suppress until formally signing a written order, even though the ruling and findings of fact and conclusions of law have been pronounced on the record in open court, we allowed the State more than six extra months to perfect its appeal. Yet, in the case now before this court, the majority holds that the trial court enters an order denying a motion to suppress when the trial court pronounces its ruling

---

[6]*See Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 542, 124 S. Ct. 1023, 1034 (2004)).

[7]282 S.W.3d 94, 99–101 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., dissenting).

orally.  The majority states that the appeal lies because after a trial is concluded, the appellant is appealing from "a final judgment of conviction."  But the majority confuses the criminal rules of procedure with the civil rules of procedure.  While the appellate timetable in a civil case runs from the signing of the judgment, the appellate timetable in a criminal case begins to run when the sentence is pronounced orally in open court.  The judgment may be signed days or even weeks later in a criminal case and has no effect on the appellate timetable.

To remain consistent with the rule of *Cox*, we should hold that because there is no written order denying Appellant's motions to suppress, there is nothing to appeal from the suppression ruling . . . . The majority, however, holds that when a defendant appeals from a ruling on the motion to suppress, no written order is necessary.[8]

Again, as in *Bracken*, I must respectfully dissent and would hold that we must be consistent with our ruling in *Cox*, erroneous though I believe it to be and in direct conflict with the clear mandate and intent of the legislature,[9] and hold that a trial court must go to the additional and unnecessary inconvenience of entering a written order and written findings of fact and conclusions of law apart from those already entered in the written record when ruling on a motion to suppress, no matter which side prevails.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  April 18, 2013

---

[8] *Id.* (citations omitted).

[9] *Cox*, 235 S.W.3d at 285–87 (Dauphinot, J., dissenting).