**Leonard Wayne BLOUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00171–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 14, 2001.

Decided Oct. 24, 2001.

Michael Laird, Beaumont, for appellant.

Philip Babin, Assistant District Attorney, Rodney D. Conerly, Asst. Criminal District Attorney, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Leonard Blount appeals his conviction by a jury for the offense of aggravated sexual assault of a child. The jury assessed his punishment at seventy years' imprisonment. Blount was accused of sexually assaulting the victim, whom Blount's mother often baby-sat in her home.

■ In his first issue on appeal, Blount contends he received ineffective assistance of counsel. The standard for testing claims of ineffective assistance of counsel is set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail, Blount must prove by a preponderance of the evidence (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000).

■ To meet this burden, Blount must prove that his attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052; *Tong,* 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466

U.S. at 694, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712.

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *Id.*

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. We will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course of action support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim.App.1979). The fact that another attorney, even Blount's attorney on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.—Texarkana 1999, no pet.).

Blount alleges his trial counsel was deficient for introducing, during cross-examination of the victim's mother, evidence that Blount had been accused of sexually abusing other children. Counsel asked the victim's mother about an incident, occurring before the victim made her accusation against Blount, in which the victim's mother said, about Blount, that "there was a molester in the neighborhood." The victim's mother responded she had heard that Blount had "did something to somebody else's kid." On redirect examination, the State was able to elicit testimony that Blount had been accused of sexually abusing two other children and that one of those children had been treated for gonorrhea, just as the victim had been.

Blount cites *Stone v. State*, 17 S.W.3d 348, 352 (Tex.App.—Corpus Christi 2000, pet. ref'd), in which, at the defendant's trial for delivery of cocaine, his trial counsel introduced evidence the defendant had been convicted of murder and released from prison more than ten years earlier. The trial court had already indicated the prior conviction was inadmissible. *Id.* at 352–53; *see also* Tex.R. Evid. 609. The court of appeals held that, under the facts of that case, no reasonable attorney would have introduced the prior murder conviction and that the defendant was prejudiced by his attorney's error because his credibility, on which his alibi defense depended, was undermined and because the prior conviction gave substance to testimony that he had threatened the state's witnesses. *Stone*, 17 S.W.3d at 353.

*Stone* is distinguishable because in that case no strategic basis for counsel's actions appeared on the face of the record, and the court could conceive of no reasonable basis for those actions. In the present case, one possible strategic basis for eliciting such testimony was to discredit the victim's mother. Counsel asked the victim's mother why, when she was aware of rumors that Blount had sexually abused another child, would she put her daughter in an environment in which Blount would come in contact with her. Blount's defense at trial was that the victim fabricated the allegation or that someone else assaulted her, as she was consistently exposed in her home to sexual situations, pornographic material, and a stream of men who had the opportunity to assault her. Blount's defense therefore relied on the poor supervision exercised by the victim's mother. From that standpoint, counsel could have concluded that bringing to light the vic-

tim's mother's poor supervision was worth the risk of informing the jury about rumors of other accusations of Blount's sexual abuse. Though counsel's actions may seem imprudent in hindsight, it is not for us to second-guess her strategy.

■ Blount next contends his trial counsel was deficient in failing to introduce records that one of the other allegations against him had been investigated by Child Protective Services and dismissed. However, Blount's counsel called that child's mother as a witness. She testified that an investigation found that Blount engaged in no wrongdoing with respect to her daughter. Thus, on the record before us, counsel's actions do not constitute deficient performance.

Blount further contends his trial counsel was deficient for failing to object when the State introduced evidence of his prior extraneous bad conduct. On cross-examination of Blount's brother, the State asked him to "tell me about your brother." Blount's brother responded, in part, that Blount is "a good person." The State then elicited testimony that Blount had been involved in an unauthorized use of a motor vehicle offense, had used drugs, and had associated with and/or was a member of a gang. Blount's attorney made no objection to this line of questioning.

Blount contends that, assuming this extraneous transactions evidence would have been admissible under Tex.R. Evid. 404(b), the State failed to give "reasonable notice ... in advance of trial of [its] intent" to use these accusations. However, the record is inconclusive concerning whether the State gave notice of its intent to use additional accusations of sexual abuse in its case-in-chief. At a pretrial hearing, the trial court heard Blount's request for notice of intent to offer extraneous conduct under Rule 404(b). The trial court inquired of the State whether it had given the requested notice. Blount's trial counsel commented, "I have been provided with a written response to that, Your Honor." The trial court asked, "Is that by response, you mean, a notice?" Blount's attorney responded, "Yes, sir."

No copy of the notice Blount's attorney received is included in the record. Therefore, we cannot assume, on the record before us, the State would have been prevented, by its failure to give reasonable notice, from using the other accusations of sexual abuse made against Blount in its case-in-chief.

Blount contends this extraneous transaction evidence was inadmissible and no reasonable attorney would have refrained from objecting to it. We agree that counsel could have had no reasonable basis for refraining from objecting to evidence of her client's bad acts, unless that evidence was otherwise admissible. Thus, whether counsel's performance was deficient turns on the question of whether the evidence was admissible.

■ The general rule is that evidence of other crimes, wrongs, or acts is inadmissible to prove a person's character, but that evidence is admissible for other purposes. Tex.R. Evid.404. If an objection is made to extraneous offense evidence under Rule 404(b), the proponent of the evidence must persuade the trial court that the evidence has relevance apart from character conformity, e.g., it tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity, or preparation leading inferentially to an elemental fact; or that it rebuts a defensive theory, e.g., by showing the absence of mistake or accident. Tex.R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim.App.1990) (op. on reh'g); *McAllister*

*v. State*, 34 S.W.3d 346, 353 (Tex.App.—Texarkana 2000, pet. ref'd).

Even if Blount's identity was in issue, the extraneous bad conduct to which his brother testified—Blount's involvement in an unauthorized use of a motor vehicle offense, using drugs, and associating with a gang—would not be probative of his identity in this case, where he was charged with aggravated sexual assault of a child. Blount also did not contest the issue of intent; rather, he defended himself on the basis that he did not commit the offense, but that someone else must have. The victim's testimony supplied the intent element of the offense, as the State accused Blount of intentionally or knowingly causing the penetration of the victim's sexual organ by inserting his sexual organ. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i) (Vernon Supp.2001). Even if identity or intent was in issue, the extraneous transaction evidence was not probative of those questions.

Similarly, the extraneous transaction evidence was not probative on Blount's opportunity to assault the victim or on his motive for doing so. Rather, the extraneous transaction evidence had the tendency to portray Blount as a criminal generally, which Rule 404(b) prohibits.

Further, the extraneous transaction evidence did not rebut Blount's defensive theory that another man assaulted the victim or that the victim fabricated the accusation. Arguably, the State offered the extraneous transaction evidence to rebut the impression that Blount is "a good person." However, the State elicited this testimony by asking Blount's brother to "tell me about your brother." Consequently, we agree with Blount that no reasonable attorney would have refrained from objecting to the extraneous transaction evidence.

The State contends that even if the instances Blount cites constitute deficient performance, the result of the trial would not have been different. The eight-year-old victim testified that Blount put his penis into her vagina and that he assaulted her between five and ten times. She also testified Blount was the only person who ever assaulted her.

The victim's mother testified that the victim told her Blount was "messing with me" and that the victim had injuries in and around her vaginal area. The jury was also shown a videotape in which the victim told a sexual assault interviewer about the assault. The State offered medical evidence showing that the condition of her vaginal tissue was consistent with penile penetration.

The State also presented Blount's statement to police in which he admitted assaulting the victim about five different times. The officer who took the statement testified that he asked Blount if he had any sexually transmitted diseases and that Blount responded that he had gonorrhea. The State presented medical records that the victim also tested positive for gonorrhea.

In light of the evidence against him, the fact that the victim's testimony was corroborated by her prior statements to her mother and to the sexual assault interviewer, the medical evidence of an assault, and the medical evidence linking Blount to the assault, there is no reasonable probability that the outcome of Blount's trial would have been different absent his counsel's errors. We overrule Blount's first issue on appeal.

In his second issue on appeal, Blount contends the trial court erred in failing to file written findings of fact and conclusions of law after conducting a hearing concerning the voluntariness of a state-

ment Blount made to police. He requests this Court to abate this appeal and remand the case to the trial court for entry of such findings, after which he requests that we afford him an opportunity to supplement his brief to address issues raised by those findings.

Article 38.22, § 6 of the Texas Code of Criminal Procedure requires that any time a question is raised about the voluntariness of an accused's statement, the trial court must make "an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 1979). If the trial court finds the accused made the statement voluntarily, it must "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." *Id.*

The record shows that at the end of the hearing the trial court recited the following:

> The Court finds that the [sic] pursuant to Article 38.22, Section 2, subparagraph (a) the police officer did admonish Mr. Leonard Blount of his Miranda warnings, of the warnings therein prescribed.
>
> The Court further finds that according to the evidence that the defendant did prior to and during the making of the statement, knowingly, intelligently and voluntarily waive these rights set out in the warnings set out in subparagraph (a) of this section.
>
> [T]he Court finds that the statement is voluntary; the Court finds that the statement is admissible.

The State contends these findings, dictated into the record, are sufficient to comply with Article 38.22, § 6. We agree.

A long line of Texas Court of Criminal Appeals cases holds that Article 38.22, § 6 is mandatory and requires a trial court to file findings of fact and conclusions of law regarding the voluntariness of a defendant's statement, regardless of whether the defendant objects to the absence of such omitted findings. *Green v. State,* 906 S.W.2d 937, 938–39 (Tex.Crim.App.1995); *Wicker v. State,* 740 S.W.2d 779, 783 (Tex. Crim.App.1987); *Dykes v. State,* 649 S.W.2d 633, 636 (Tex.Crim.App.1983); *McKittrick v. State,* 535 S.W.2d 873, 876 (Tex.Crim.App.1976); *Hester v. State,* 535 S.W.2d 354, 356 (Tex.Crim.App.1976); *see Butler v. State,* 790 S.W.2d 661, 662 (Tex. Crim.App.1990); *see also Creager v. State,* 952 S.W.2d 852, 856–57 (Tex.Crim.App. 1997). However, numerous courts have also held there is sufficient compliance with Article 38.22, § 6 when the trial court dictates its findings of fact and conclusions of law to the court reporter at the end of the hearing, and those findings are transcribed and made a part of the record without objection. *Parr v. State,* 658 S.W.2d 620, 623 (Tex.Crim.App.1983); *Amunson v. State,* 928 S.W.2d 601, 607–08 (Tex.App.—San Antonio 1996, pet. ref'd); *see also Lee v. State,* 964 S.W.2d 3, 12 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Perkins v. State,* 779 S.W.2d 918, 925 (Tex.App.—Dallas 1989, no pet.); *Horn v. State,* 699 S.W.2d 714, 716 (Tex. App.—Fort Worth 1985, no pet.).

Blount does not complain the trial court's findings are insufficient to aid this Court in determining the basis for its conclusion. Under these circumstances, there is no error. We overrule Blount's second issue on appeal.

We affirm the judgment.