COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-098-CR
 
DONALD KEITH
DENNIS                                                        
   APPELLANT
V.
THE STATE OF
TEXAS                                                               
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant Donald Keith Dennis appeals his conviction for murder. In four points,
he complains that (1) the trial court erred by not making written findings of
fact and conclusions of law supporting the admission of appellant's second
written statement; (2) the trial court abused its discretion by admitting
appellant's first written statement over his relevance objections; (3) the trial
court abused its discretion by refusing to redact portions of his first written
statement, which contained extraneous offenses; and (4) the cumulative effect of
these errors deprived appellant of a fundamentally fair trial. We affirm.
I. Factual Background
       
Appellant and Gregory Polk went to Lee Bacon's apartment one evening because
they thought "T Bone" Bacon could find a prostitute for Polk. Polk
gave Bacon $20 to find him a woman, with Bacon keeping $10 and paying the other
half to the prostitute. Bacon then left the apartment. When a woman later
arrived for Polk, she claimed that Bacon never gave her any money. Polk refused
to pay any more money, so the woman left.
        Two
nights later, on December 12, 1999, appellant and Polk went to Bacon's apartment
to confront him about the money. Bacon first denied knowing anything about it,
but then he offered to go get the money. Appellant refused to let him go and
started fighting with him. Appellant eventually stabbed Bacon twenty-two times
and killed him.
        On
December 15, 1999, appellant met with Detective Jim Ford, and after he was
advised of his rights, appellant gave a statement about the night of the murder.
Appellant stated, "I was not present when T Bone was killed and I do not
know who killed him." The next day, Detective Ford met with appellant again
and told him that his statement did not match the eye witness statements and his
alibi did not check out. After again being informed of his rights, appellant
gave a second statement admitting that he stabbed Bacon.
        The jury
found appellant guilty of murder. After finding the enhancement paragraph true,
it assessed appellant's punishment at life imprisonment. The trial court
sentenced him accordingly.
II. Findings of Fact and Conclusions of Law
        In his
first point, appellant contends that the trial court erred by not making written
findings of fact and conclusions of law supporting the admission of his second
written statement. He requests this court to abate this appeal and remand the
case to the trial court for entry of such findings. The State responds that the
reporter's record satisfies section 6 of article 38.22. Tex. Code Crim. Proc.
Ann. art. 38.22, § 6 (Vernon 1979).
        Texas
Code of Criminal Procedure article 38.22, section 6 requires that any time a
question is raised about the voluntariness of an accused's statement, the trial
court must make "an independent finding in the absence of the jury as to
whether the statement was made under voluntary conditions." Id. If
the trial court finds the accused made the statement voluntarily, it must
"enter an order stating its conclusion as to whether or not the statement
was voluntarily made, along with the specific findings of facts upon which the
conclusion was based, which order shall be filed among the papers of the
cause." Id.
        A long
line of Texas Court of Criminal Appeals cases holds that article 38.22, section
6 is mandatory and requires a trial court to file findings of fact and
conclusions of law regarding the voluntariness of a defendant's statement,
regardless of whether the defendant objects to the absence of such omitted
findings. See Creager v. State, 952 S.W.2d 852, 856-57 (Tex. Crim. App.
1997); Green v. State, 906 S.W.2d 937, 938-39 (Tex. Crim. App. 1995); Butler
v. State, 790 S.W.2d 661, 662 (Tex. Crim. App. 1990). However, numerous
courts have also held sufficient compliance with article 38.22, section 6 when
the trial court dictates its findings of fact and conclusions of law into the
record at the end of the hearing, and those findings are transcribed and made a
part of the record without objection. Parr v. State, 658 S.W.2d 620,
623 (Tex. Crim. App. 1983); Blount v. State, 64 S.W.3d 451, 457 (Tex.
App.--Texarkana 2001, no pet.); Amunson v. State, 928 S.W.2d 601,
607-08 (Tex. App.--San Antonio 1996, pet. ref'd); Lee v. State, 964
S.W.2d 3, 12 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).
        Here,
after conducting a hearing on the voluntariness of the confession, the trial
court made the following findings on the record:

 The Court finds that State's Exhibit 80, which the Court understands to be
 the first confession taken, and State's Exhibit 81, which is the second
 confession taken, were given freely and voluntarily, knowingly and
 intelligently by the Defendant and he didn't invoke any of his statutory
 warnings or his Miranda warnings during the period of taking of
 either statement, and that the provisions of Article 15.17 and Article 38.22,
 Section 2(a) of the Code of Criminal Procedure were complied with in the
 taking of both of those statements.

 
        We
conclude that these findings, dictated into the record, are sufficient to comply
with article 38.22, section 6. See Blount, 64 S.W.3d at 457 (holding
similar court findings on the record sufficient to comply with article 38.22,
section 6); Andrade v. State, 6 S.W.3d 584, 592 (Tex. App.--Houston [14th
Dist.] 1999, pet. ref'd) (same). Furthermore, because appellant does not
challenge the sufficiency of the findings and conclusions, abatement to the
trial court would be useless. As the State correctly notes, any further findings
or conclusions by the trial court would not assist appellant's argument or this
court's review on appeal. See Blount, 64 S.W.3d at 457 (holding that
because defendant did not complain that the trial court's findings were
insufficient to aid the court in determining the basis for its conclusion, there
was no error). Thus, appellant's first point is overruled.
III. Admission of First Written Statement
        In his
second point, appellant alleges that the trial court abused its discretion by
admitting his first written statement over his relevance objections. The State
responds that the statement tended to demonstrate appellant's consciousness of
guilt, rebut his claim of another perpetrator, and establish the context of
Detective Ford's investigation.
       
Questions of relevance are left largely to the trial court, relying on its own
observations and experience, and the trial court will not be reversed absent an
abuse of discretion. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim.
App.), cert. denied, 510 U.S. 966 (1993). Evidence is relevant if it
has "any tendency to make the existence of any fact that is of consequence
to the determination of the action more probable or less probable than it would
be without the evidence." Tex. R. Evid. 401. All relevant evidence is
admissible except as otherwise provided by constitutions, statutes, or rules.
Tex. R. Evid. 402.
       
Appellant contends that the statement served only one purpose, "to show
that [a]ppellant was a liar, and further, to attack his character
generally." However, it is a well accepted principle that any conduct on
the part of a person accused of a crime subsequent to its commission which
indicates a "consciousness of guilt" may be received as a circumstance
tending to prove that he committed the act with which he is charged. Lee v.
State, 866 S.W.2d 298, 302 (Tex. App.--Fort Worth 1993, pet. ref'd)
(holding that lying to a neighbor about a foul smell, along with other factors,
showed defendant's guilt and awareness of the crime); see also Couchman
v. State, 3 S.W.3d 155, 163-64 (Tex. App.--Fort Worth 1999, pet. ref'd)
(holding that jury could reasonably conclude that defendant lied because he had
something to hide and changing his story was evidence of his consciousness of
guilt); Torres v. State, 794 S.W.2d 596, 598 (Tex. App.--Austin 1990,
no pet.) (holding that "consciousness of guilt" may be one of the
strongest indicators of guilt).
        Evidence
of subterfuge, if believed to be such by the jury, serves to demonstrate its
inherent connection to motive and sense of guilt, and may provide affirmative
evidence of culpability on the part of the one to whom such subterfuge is
attributable. Huffman v. State, 775 S.W.2d 653, 660 (Tex. App.--El Paso
1989, pet. ref'd). Flight, rebutted alibis, destruction of evidence, and
fabrication of evidence are but a few samples of incriminating behavior. Id.;
see also Roberts v. State, 763 S.W.2d 443, 445 (Tex. App.--El
Paso 1988) (holding that jury had ample basis to conclude that alibi testimony
was fabricated and could consider murder as the motive for such fabrication), rev'd
on other grounds, 800 S.W.2d 536 (Tex. Crim. App. 1990).
        Here,
appellant's original written statement was rebutted when Detective Ford
investigated it and further rebutted by appellant's second statement in which he
admitted to stabbing Bacon. Appellant's rebutted statement is an example of
incriminating behavior that tends to show his consciousness of guilt. Because
his conduct may be received as a circumstance tending to prove that he committed
the act with which he was charged, the statement was relevant. Tex. R. Evid. 401
(evidence is relevant if it tends to make the existence of a fact more probable
than it would be without it); Lee, 866 S.W.2d at 302. Thus, the trial
court did not abuse its discretion by admitting appellant's first written
statement. Appellant's second point is overruled.
IV. Failure to Redact Portions of First Written Statement
        In his
third point, appellant argues that the trial court abused its discretion by
refusing to redact portions of his first written statement, which contained
extraneous offenses that were more prejudicial than probative. The State
responds that the probative value of the evidence was not substantially
outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403.
        Rule
404(b) does not allow evidence of other crimes, wrongs, or bad acts to prove
character conformity, but does allow it for other purposes such as motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident. Tex. R. Evid. 404(b). The Texas Court of Criminal Appeals
has held that the "other purposes" listed in rule 404(b) are not
exclusive or exhaustive. Banda v. State, 768 S.W.2d 294, 295 (Tex.
Crim. App.), cert. denied, 493 U.S. 923 (1989); Torres, 794
S.W.2d at 599. Courts have held that "a consciousness of guilt" is one
of the exceptions not listed in rule 404(b) that courts may consider. DeLeon
v. State, 77 S.W.3d 300, 310 (Tex. App.--Austin 2001, pet. ref'd); Torres,
794 S.W.2d at 599.
        A trial
court's ruling on a rule 403 objection is reviewed under an abuse of discretion
standard and will be reversed only if it is not within the zone of reasonable
disagreement. McFarland v. State, 845 S.W.2d 824, 837-38 (Tex. Crim.
App. 1992), cert. denied, 508 U.S. 963 (1993); Lee, 866 S.W.2d
at 303. Rule 403 "favors admissibility of relevant evidence, and the
presumption is that relevant evidence will be more probative than
prejudicial." Long v. State, 823 S.W.2d 259, 271 (Tex. Crim. App.
1991), cert. denied, 505 U.S. 1224 (1992).
        Since we
have previously concluded that the statement was relevant to show consciousness
of guilt, it was also admissible for purposes of rule 404(b). Thus, we will now
consider if it was so highly prejudicial as to substantially outweigh its
probative value. See Tex. R. Evid. 403.
        A rule
403 balancing test includes the following factors: (1) how compellingly the
extraneous offense evidence serves to make a fact of consequence more or less
probable--a factor which is related to the strength of the evidence presented by
the proponent to show the defendant in fact committed the extraneous offense;
(2) the potential the other offense evidence has to impress the jury in some
irrational, but nevertheless indelible way; (3) the time the proponent will need
to develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; and (4) the force of the proponent's need
for this evidence to prove a fact of consequence, i.e., does the proponent have
other probative evidence available to him to help establish this fact, and is
this fact related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18,
26 (Tex. Crim. App. 2000).
        Again,
appellant's fabricated written statement showed his consciousness of guilt. See
Lee, 866 S.W.2d at 302. Furthermore, Detective Ford, in an attempt to
verify appellant's alibi, investigated many of the facts that appellant sought
to redact. These facts included appellant purchasing alcohol, smoking marijuana,
visiting a topless bar, and making suggestive comments to the dancers. Thus, as
the State correctly notes, the context of the investigation that proved that
appellant fabricated his written statement would have made little sense without
these facts. Compared to the overall length of the trial, the State did not
spend an excessive amount of time on the statement. Furthermore, appellant was
charged with stabbing a man twenty-two times over $20; thus, we cannot say that
the jury would act in an "irrational" way and convict him simply
because he gave a false statement saying that he had consumed some alcohol,
smoked marijuana, and visited a topless bar. See Madden v. State,
911 S.W.2d 236, 244 (Tex. App.--Waco 1995, pet. ref'd) (holding that while
making threats against the police could be considered inflammatory, this alone
does not render the evidence inadmissible under 403). Thus, we conclude that the
probative value of appellant's first statement substantially outweighed its
prejudicial effect. We hold that the trial court did not abuse its discretion in
allowing the entire first written statement into evidence. Appellant's third
point is overruled.(2)
V. Conclusion
        Having overruled all of
appellant's points, we affirm the trial court's judgment.
 
                                                                      
TERRIE LIVINGSTON
                                                                      
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.
2.  In his fourth point, appellant contends that the
cumulative effect of these errors deprived him of a fundamentally fair trial.
Having concluded that the trial court properly admitted the statement, we need
not address his final point. See Tex. R. App. P. 47.1.