DENNIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-098-CR

DONALD KEITH DENNIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Donald Keith Dennis appeals his conviction for murder.  In four points, he complains that (1) the trial court erred by not making written findings of fact and conclusions of law supporting the admission of appellant’s second written statement; (2) the trial court abused its discretion by admitting appellant’s first written statement over his relevance objections; (3) the trial court abused its discretion by refusing to redact portions of his first written statement, which contained extraneous offenses; and (4) the cumulative effect of these errors deprived appellant of a fundamentally fair trial.  We affirm. 

I.  Factual Background
 

Appellant and Gregory Polk went to Lee Bacon’s apartment one evening because they thought “T Bone” Bacon could find a prostitute for Polk.  Polk gave Bacon $20 to find him a woman, with Bacon keeping $10 and paying the other half to the prostitute.  Bacon then left the apartment.  When a woman later arrived for Polk, she claimed that Bacon never gave her any money.  Polk refused to pay any more money, so the woman left.

Two nights later, on December 12, 1999, appellant and Polk went to Bacon’s apartment to confront him about the money.  Bacon first denied knowing anything about it, but then he offered to go get the money.  Appellant refused to let him go and started fighting with him.  Appellant eventually stabbed Bacon twenty-two times and killed him.

On December 15, 1999, appellant met with Detective Jim Ford, and after he was advised of his rights, appellant gave a statement about the night of the murder.  Appellant stated, “I was not present when T Bone was killed and I do not know who killed him.”  The next day, Detective Ford met with appellant again and told him that his statement did not match the eye witness statements and his alibi did not check out.  After again being informed of his rights, appellant gave a second statement admitting that he stabbed Bacon.

The jury found appellant guilty of murder.  After finding the enhancement paragraph true, it assessed appellant’s punishment at life imprisonment.  The trial court sentenced him accordingly.  

II.  Findings of Fact and Conclusions of Law

In his first point, appellant contends that the trial court erred by not making written findings of fact and conclusions of law supporting the admission of his second written statement.  He requests this court to abate this appeal and remand the case to the trial court for entry of such findings.  The State responds that the reporter’s record satisfies section 6 of article 38.22. 
 
Tex. Code Crim. Proc. Ann
. art. 38.22, § 6 (Vernon 1979).

Texas Code of Criminal Procedure article 38.22, section 6 requires that any time a question is raised about the voluntariness of an accused’s statement, the trial court must make “an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions.”  
Id
.  If the trial court finds the accused made the statement voluntarily, it must “enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific findings of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.”  
Id
.

A long line of Texas Court of Criminal Appeals cases holds that article 38.22, section 6 is mandatory and requires a trial court to file findings of fact and conclusions of law regarding the voluntariness of a defendant’s statement, regardless of whether the defendant objects to the absence of such omitted findings.  
See Creager v. State
, 952 S.W.2d 852, 856-57 (Tex. Crim. App. 1997); 
Green v. State
, 906 S.W.2d 937, 938-39 (Tex. Crim. App. 1995); 
Butler v. State
, 790 S.W.2d 661, 662 (Tex. Crim. App. 1990).  However, numerous courts have also held sufficient compliance with article 38.22, section 6 when the trial court dictates its findings of fact and conclusions of law into the record at the end of the hearing, and those findings are transcribed and made a part of the record without objection.  
Parr v. State
, 658 S.W.2d 620, 623 (Tex. Crim. App. 1983); 
Blount v. State
, 64 S.W.3d 451, 457 (Tex. App.—Texarkana 2001, no pet.); 
Amunson v. State
, 928 S.W.2d 601, 607-08 (Tex. App.—San Antonio 1996, pet. ref’d); 
Lee v. State
, 964 S.W.2d 3, 12 (Tex. App.—Houston [1
st
 Dist.] 1997, pet. ref’d).

Here, after conducting a hearing on the voluntariness of the confession, the trial court made the following findings on the record:

The Court finds that State's Exhibit 80, which the Court understands to be the first confession taken, and State’s Exhibit 81, which is the second confession taken, were given freely and voluntarily, knowingly and intelligently by the Defendant and he didn’t invoke any of his statutory warnings or his 
Miranda
 warnings during the period of taking of either statement, and that the provisions of Article 15.17 and Article 38.22, Section 2(a) of the Code of Criminal Procedure were complied with in the taking of both of those statements.  

We conclude that these findings, dictated into the record, are sufficient to comply with article 38.22, section 6.  
See Blount
, 64 S.W.3d at 457 (holding similar court findings on the record sufficient to comply with article 38.22, section 6); 
Andrade v. State
, 6 S.W.3d 584, 592 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d) (same).  Furthermore, because appellant does not challenge the sufficiency of the findings and conclusions, abatement to the trial court would be useless.  As the State correctly notes, any further findings or conclusions by the trial court would not assist appellant’s argument or this court’s review on appeal.  
See Blount
, 64 S.W.3d at 457 (holding that because defendant did not complain that the trial court’s findings were insufficient to aid the court in determining the basis for its conclusion, there was no error).  Thus, appellant’s first point is overruled. 

III.  Admission of First Written Statement

In his second point, appellant alleges that the trial court abused its discretion by admitting his first written statement over his relevance objections.  The State responds that the statement tended to demonstrate appellant’s consciousness of guilt, rebut his claim of another perpetrator, and establish the context of Detective Ford’s investigation. 

Questions of relevance are left largely to the trial court, relying on its own observations and experience, and the trial court will not be reversed absent an abuse of discretion.  
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 966 (1993).  Evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  
Tex. R. Evid
. 401.  All relevant evidence is admissible except as otherwise provided by constitutions, statutes, or rules.  
Tex. R. Evid
. 402.  

Appellant contends that the statement served only one purpose, “to show that [a]ppellant was a liar, and further, to attack his character generally.”  However, it is a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission which indicates a “consciousness of guilt” may be received as a circumstance tending to prove that he committed the act with which he is charged.  
Lee v. State
, 866 S.W.2d 298, 302  (Tex. App.—Fort Worth 1993, pet. ref’d) (holding that lying to a neighbor about a foul smell, along with other factors, showed defendant’s guilt and awareness of the crime); 
see also
 
Couchman v. 
State, 3 S.W.3d 155, 163-64 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding that jury could reasonably conclude that defendant lied because he had something to hide and changing his story was evidence of his consciousness of guilt); 
Torres v. State
, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) (holding that “consciousness of guilt” may be one of the strongest indicators of guilt). 
 

Evidence of subterfuge, if believed to be such by the jury, serves to demonstrate its inherent connection to motive and sense of guilt, and may provide affirmative evidence of culpability on the part of the one to whom such subterfuge is attributable. 
 
Huffman v. State
, 775 S.W.2d 653, 660  (Tex. App.—El Paso 1989, pet. ref’d).
  Flight, rebutted alibis, destruction of evidence, and fabrication of evidence are but a few samples of incriminating behavior.  
Id.
; 
see also
 
Roberts v. State
, 763 S.W.2d 443, 445 (Tex. App.—El Paso 1988) (holding that jury had ample basis to conclude that alibi testimony was fabricated and could consider murder as the motive for such fabrication), 
rev’d on other grounds
, 800 S.W.2d 536 (Tex. Crim. App. 1990).

Here, appellant’s original written statement was rebutted when Detective Ford investigated it and further rebutted by appellant’s second statement in which he admitted to stabbing Bacon.  Appellant’s rebutted statement is an example of incriminating behavior that tends to show his consciousness of guilt.  Because his conduct may be received as a circumstance tending to prove that he committed the act with which he was charged, the statement was relevant.
  
Tex. R. Evid
. 401 (evidence is relevant if it tends to make the existence of a fact more probable than it would be without it);
 Lee
, 866 S.W.2d at 302.  Thus, the trial court did not abuse its discretion by admitting appellant’s first written statement.  Appellant’s second point is overruled. 

IV.  Failure to Redact Portions of First Written Statement

In his third point, appellant argues that the trial court abused its discretion by refusing to redact portions of his first written statement, which contained extraneous offenses that were more prejudicial than probative.  The State responds that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  
See
 
Tex. R. Evid
. 403.

Rule 404(b) does not allow evidence of other crimes, wrongs, or bad acts to prove character conformity, but does allow it for other purposes such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  
Tex. R. Evid
. 404(b).  The Texas Court of Criminal Appeals has held that the “other purposes” listed in rule 404(b) are not exclusive or exhaustive.  
Banda v. State
, 768 S.W.2d 294, 295 (Tex. Crim. App.), 
cert. denied
, 493 U.S. 923 (1989); 
Torres
, 794 S.W.2d at 599.  Courts have held that “a consciousness of guilt” is one of the exceptions not listed in rule 404(b) that courts may consider.  
DeLeon v. State
, 77 S.W.3d 300, 310  (Tex. App.—Austin 2001, pet. ref’d); 
Torres
, 794 S.W.2d at 599. 

A trial court's ruling on a rule 403 objection is reviewed under an abuse of discretion standard and will be reversed only if it is not within the zone of reasonable disagreement. 
 McFarland v. State
, 845 S.W.2d 824, 837-38 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 963 (1993);  
Lee
, 866 S.W.2d at 303.   Rule 403 “favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial.”  
Long v. State
, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991), 
cert. denied
, 505 U.S. 1224 (1992). 

Since we have previously concluded that the statement was relevant to show consciousness of guilt, it was also admissible for purposes of rule 404(b).  Thus, we will now consider if it was so highly prejudicial as to substantially outweigh its probative value.  
See
 
Tex. R. Evid
. 403.

A rule 403 balancing test includes the following factors: (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.  
Wyatt v. State
, 23 S.W.3d 18, 26  (Tex. Crim. App. 2000).

Again, appellant’s fabricated written statement showed his consciousness of guilt.  
See Lee
, 866 S.W.2d at 302.  Furthermore, Detective Ford, in an attempt to verify appellant’s alibi, investigated many of the facts that appellant sought to redact.  These facts included appellant purchasing alcohol, smoking marijuana, visiting a topless bar, and making suggestive comments to the dancers.  Thus, as the State correctly notes, the context of the investigation that proved that appellant fabricated his written statement would have made little sense without these facts.  Compared to the overall length of the trial, the State did not spend an excessive amount of time on the statement.  Furthermore, appellant was charged with stabbing a man twenty-two times over $20; thus, we cannot say that the jury would act in an “irrational” way and convict him simply because he gave a false statement saying that he had consumed some alcohol, smoked marijuana, and visited a topless bar.  
See
 
Madden v. State
,
  
911 S.W.2d 236, 244  (Tex. App.—Waco 1995, pet. ref’d) (holding that while making threats against the police could be considered inflammatory, this alone does not render the evidence inadmissible under 403).  Thus, we conclude that the probative value of appellant’s first statement substantially outweighed its prejudicial effect.  We hold that the trial court did not abuse its discretion in allowing the entire first written statement into evidence.  Appellant’s third point is overruled.
(footnote: 2)
V.  Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
In his fourth point, appellant contends that the cumulative effect of these errors deprived him of a fundamentally fair trial.  Having concluded that the trial court properly admitted the statement, we need not address his final point.  
See
 
Tex. R. App. P
. 47.1.