MAURICE GAUTHIER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-326-CR

MAURICE GAUTHIER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant, Maurice Gauthier, appeals his conviction for murder raising eight points.  Appellant claims that: 
1) the trial court erred and abused its discretion in overruling his motion to suppress his oral statement because the police officer who took his statement never told Appellant of his rights; 2) the trial court reversibly erred and abused its discretion in overruling Appellant’s motion to suppress his unrecorded oral statement because the statement should have been excluded under Arts. 38.22 and 38.23; 3) the trial court reversibly erred and abused its discretion in overruling Appellant’s objections to the admission of his unrecorded oral statement at the guilt-innocence phase of the trial thereby not complying with articles 38.22 and 38.23; 4) the trial court erred and abused its discretion in overruling Appellant’s request at the guilt-innocence phase of the trial for an instruction applying article 38.23 exclusionary provisions to Appellant’s unrecorded oral statement; 5) the trial court erred and abused its discretion in overruling Appellant’s motion to suppress his oral recorded statement and not complying with article 38.23 exclusionary provisions; 6) the trial court erred and abused its discretion in overruling Appellant’s objections to the admission of his oral recorded statement at the guilt-innocence phase thereby not complying with article 38.23 exclusionary provisions; 7) the trial court erred and abused its discretion in overruling Appellant’s request at the guilt-innocence phase for an instruction applying article 38.23 exclusionary provisions to Appellant’s oral statement offered in evidence; and 8) the trial court erred in failing to file written findings of fact and conclusions of law with respect to its rulings on the admissibility of Appellant’s statements.  We affirm the trial court’s judgment.

FACTS

On the night of April 4, 2001, Elisabeth Tortolini was working as a night clerk at a hotel in Fort Worth.  That night, Tortolini’s boyfriend, Sam Davis, and her friend, Aubrey Parsons, drove to the hotel to pick Elisabeth up after work.  Tortolini typically waited for Davis to pick her up in the lobby.  When Davis arrived on the night in question, Tortolini was no where to be found.  Davis called Tortolini’s cell phone in an attempt to find her.  Someone answered the phone but did not respond to Davis’s questions.  This made Davis think that something had happened to Tortolini, and he began to search for her.  

Davis remembered Tortolini telling him about Appellant.  Appellant had asked Tortolini out on numerous occasions.  Davis went to Appellant’s room and witnessed Appellant load a heavy bag into the back of his truck.  Before Appellant drove away, Davis spoke to Appellant and asked if Appellant had seen Tortolini.  Appellant first responded that he did not know who Davis was asking about, but when Davis said Tortolini’s name, Appellant claimed not to have seen her.  

Davis suspected that Appellant had harmed Tortolini, so when Appellant drove off, Davis followed him.  Davis stopped following Appellant when Davis begin to run low on gas.  Davis then returned to the hotel and waited for the police.  The police arrived and took Davis’s statement. 

Appellant returned to the hotel room, and the police questioned him about the contents of the bag he had carried out of the room.  Appellant responded that he only had a set of tools, which he had delivered to a coworker for a job.  The police requested permission to search the truck, and Appellant consented.  The police found Tortolini’s name tag, glasses, work clothes, and blood in a bag in the truck.  The police then arrested Appellant. 

Upon questioning, Appellant told the police that he had smothered Tortolini and that they could find the body in a creek.  The police went to the location Appellant described and recovered the body.  Appellant was then charged with Tortolini’s murder.  Appellant was tried to a jury, who convicted him of murder and then assessed his punishment at life in prison and a $10,000 fine.

STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress evidence, an appellate court should give great weight to the inferences drawn by the trial court and law enforcement officers.  
Guzman v. State
, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997);  
Davis v. State
, 989 S.W.2d 859, 862 (Tex. App.—Austin 1999, pet. ref'd).  The trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Thus, the trial court is free to believe any or all of a witness's testimony.  
Id
.; 
Allridge v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), 
cert. denied
, 510 U.S. 831 (1993).

The court of criminal appeals has provided three standards of review to be applied in reviewing a trial court's denial of a motion to suppress evidence.  
Guzman
, 955 S.W.2d at 89.  We must afford almost total deference to the trial court's determination of the historical facts that the record supports when the trial court's findings are based on an evaluation of credibility and demeanor.  
Id
.  Likewise, we are to utilize the same deference in reviewing the trial court's ruling on mixed questions of law and fact when the resolution of the questions turns on an evaluation of credibility and demeanor.  
Id. 
 However, we review de novo mixed questions of law and fact that do not fall within the preceding two categories.  
Id
. In other words, we review de novo "mixed questions of law and fact" that do not turn on a witness's credibility and demeanor.  
Id.

CONFESSION TO SERGEANT GOODWIN

Appellant claims in his first point on appeal that the trial court reversibly erred and abused its discretion in overruling his motion to suppress his oral statement, which he made to Sergeant Goodwin.  Specifically, Appellant argues that Sergeant Goodwin failed to personally inform Appellant of his 
Miranda
 rights prior to questioning him.  Appellant claims that this made the statement inadmissible.  The record shows that the State did not attempt to admit this statement into evidence at trial.
  Therefore, any error the trial court may have committed in not ruling the statement inadmissible under article 38.22 was harmless.  
See Herron v. State,
 86 S.W.3d 621, 628 (Tex. Crim. App. 2002) (holding that even though the trial court erred in holding that the 
appellant's first videotaped statement was admissible, that statement was not introduced into evidence, and the trial court's error in declaring it admissible was irrelevant).  We overrule Appellant’s first point on appeal.

UNRECORDED STATEMENT TO DETECTIVE McCASKILL

Appellant claims in his second and third points that the trial court erred by refusing to exclude Appellant’s second unrecorded statement, which Appellant made to Detective McCaskill.  Appellant claims that Detective McCaskill failed to inform Appellant of his 
Miranda
 rights prior to questioning him.  Appellant further claims that the statement was inadmissible because it was oral and was not recorded as required under Article 38.22.  
See State v. Lacy
, 80 S.W.3d 207, 210 (Tex. App.—Austin 2002, no pet.) (holding that “[a]n accused's oral statement during a custodial interrogation is inadmissible in a criminal proceeding against him unless an electronic recording of the statement is made after the accused has been given and waived the Miranda warnings”).  Appellant claims that the record shows that McCaskill relied on another officer to inform Appellant of his rights and that this, along with the fact that the oral statement was not recorded, made the statement inadmissible.  Therefore, according to Appellant, the trial court erred in not excluding the evidence and in refusing Appellant’s request for a proper instruction based on article 38.23.

The State responds by saying that the oral confession was admissible because Detective McCaskill read Appellant his 
Miranda
 warnings prior to questioning him;  the evidence shows that Appellant told police facts that they did not know; and those facts turned out to be true and incriminating.  This made the statement admissible under article 38.22(3)(c) for all purposes.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.22(3)(c) (Vernon Supp. 2003) (stating that the requirement that a statement be recorded “shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused”).

The evidence shows that Detective McCaskill read Appellant his 
Miranda
 warnings prior to questioning him.  Further, Detective McCaskill had Appellant sign a list of the warnings prior to questioning him.  The record shows the following testimony by Detective McCaskill occurred:

Q.  What did you do when you made contact with [Appellant]?

A.  I – when we got him out of the car, we actually – his hands were cuffed behind his back.  We actually unhandcuffed him and moved his hands to the front of his body and handcuffed them in the front.  Then I placed him in the front seat of my unmarked car in the passenger’s seat.  I sat in the driver’s seat and Detective Richard Gallaway sat in the back seat.  At that – at that point I read him his – the – his rights, the Miranda warnings.

Detective McCaskill then described the detail that he went to in order to inform Appellant of his rights:

Q.  So you orally advised him of his constitutional rights first, is that correct?

A.  That’s correct.

Q.  And then you read to him this green sheet?

A.  Well, I actually read him his rights verbatim from the green sheet.

Q.  Okay, and did you have him sign this green sheet?

A.  Yes, I did.

Q.  Did you inform him that he had a right to an attorney?

A.  Yes.

Q.  That he had a right to remain silent?

A.  Yes.

Q.  That anything he said could be used against him?

A.  Yes.

Q.  That he had a right to have an attorney present prior to and during any questioning?

A.  Yes.

Q.  And that he had a right to have an attorney appointed to him if he could not afford one?

A.  Yes.

Q.  Okay.  Did you also inform him he had a right to terminate the interview at any time?

A.  Yes.

These warnings are identical to those required by article 38.22(2)(a) and Miranda
.  
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon 1979); 
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Appellant responded that he understood his rights and then answered Detective McCaskill’s questions.  The evidence showed that Appellant received his 
Miranda
 warning and waived those rights voluntarily.  

Further, the evidence shows that Appellant made assertions of facts in his oral unrecorded confession.  Appellant verbally described where the police could find Tortolini’s body.
  
Appellant then drew a map to the location he described.  This map proved to be an accurate description of the area where the police found Tortolini’s body.  Further, the fact that Appellant knew where Tortolini’s body was located conduces to establish that Appellant was guilty of her murder.  Therefore, Appellant’s unrecorded oral statement was admissible under article 38.22(3)(c).  
See Moore v. State, 
999 S.W.2d 385, 401 (Tex. Crim. App. 1999) (holding that if an oral statement contains even a single assertion of fact found to be true and conducive to establishing the defendant's guilt, then the statement is admissible in its entirety); 
Villarreal v. State
, 61 S.W.3d 673, 680 (Tex. App.—Corpus Christi 2001, pet. ref’d).  We overrule Appellant’s second and third points on appeal. 

RECORDED ORAL STATEMENT

In Appellant’s fifth and sixth points on appeal, he claims that the trial court erred by failing to exclude Appellant’s oral recorded statement because such statement violated article 38.22.  Specifically, Appellant claims that the oral recorded statement did not show that Appellant had knowingly, intelligently, and voluntarily waived the rights he had been warned of by Detective McCaskill. 

The record shows that the recorded oral statement was played for the jury.  In that statement, McCaskill read Appellant his rights, and after each right, Appellant acknowledged that he understood it.  Specifically, the record shows the following testimony occurred:

McCaskill: You have the right to remain silent and not make any statement at all and any statement you make may be used against you at your trial, do you understand that?

Gauthier: Correct.

. . . . 

McCaskill: You have a right to have a lawyer present to advise you prior to and during any questioning, do you understand that?

Gauthier: Yes

McCaskill: If you’re unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning, do you understand that?

Gauthier: Yes

McCaskill: And you have the right to terminate the interview at any time, do you understand that?

Gauthier: Yes

Once Detective McCaskill read Appellant his rights and Appellant acknowledged that he understood those rights, Detective McCaskill began to ask Appellant questions regarding the murder.  Appellant never stated that he desired to invoke any of the rights that he claimed to understand.  This evidence shows that Appellant was read his rights and understood those rights.  While there is not a statement that expressly states that Appellant knowingly, intelligently, and voluntarily waived his rights set out in the warning, an expressed waiver is not required.  
See Rocha v. State
, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000) (holding that the law does not require that the recording reflect an express waiver of the rights).  We overrule Appellant’s fifth and sixth points on appeal.

JURY INSTRUCTION

In Appellant’s fourth and seventh points, he claims that the trial court erred in not providing a jury instruction applying article 38.23's exclusionary provisions to Appellant’s unrecorded oral statement and recorded oral statement.  Appellant does not provide any record references under these two points of error.  Appellant does not point to any evidence in the record except to say that Detective McCaskill failed to give Appellant the required warnings prior to questioning him and that this failure was intentional.  This statement is completely false as shown by a brief review of the record.  The record shows that Detective McCaskill read Appellant his 
Miranda
 warnings before asking him any questions.  Further, the record shows that Detective McCaskill reread those warnings during Appellant’s recorded oral statement.  

By the time that Appellant gave the recorded oral statement, the record shows that Appellant had received his 
Miranda
 warnings four times during a two-hour period.  The evidence shows that Appellant did not request a lawyer at any time before or during the oral statement; he was not threatened or forced to make the statement; and he was not promised anything in order to make his statement.  The trial court found that the statements in the recording were all voluntarily made by Appellant under voluntary conditions.  Appellant provided no evidence to show that he did not knowingly, intelligently, and voluntarily waive his rights, and sufficient evidence existed to show that he did.  “A trial court is required to include an article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.“  
Balentine v. State
, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); 
Thomas v. State
, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986).  Because there is no factual dispute in this case, we hold that the trial court did not err in refusing to provide an article 38.23 instruction.  We overrule Appellant’s fourth and seventh points on appeal.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appellant claims in his eighth point on appeal that the trial court erred in failing to file written findings of fact and conclusions of law with respect to its ruling on the admissibility of Appellant’s statements following the hearing on the motion to suppress.  Article 38.22(6) requires a trial court to file findings of fact and conclusions of law regarding the voluntariness of a defendant's statement when it is challenged.  
Green v. State
, 906 S.W.2d 937, 938-39 (Tex. Crim. App. 1995).  Appellant claims that the trial court’s refusal to file the findings and conclusions require that this appeal be abated so that the trial court can enter them.  We disagree.

The record shows that the trial court dictated its findings of fact and conclusions of law to the court reporter at the end of the hearing on the motion to suppress.
  
These findings became a part of the appellate record.  There is a long line of precedent holding that a trial court’s dictation of its findings of fact and conclusions of law into the record sufficiently complies with Article 38.22(6).  
See Parr v. State
, 658 S.W.2d 620, 623 (Tex. Crim. App. 1983) (holding that a trial court complies with Article 38.22(6) when the court dictates its findings of fact and conclusions of law and those findings are transcribed and made a part of the record without objection); 
Blount v. State
, 64 S.W.3d 451, 457 (Tex. App.—Texarkana 2001, no pet.); 
Horn v. State
, 699 S.W.2d 714, 716 (Tex. App.—Fort Worth 1985, no pet.).  

Appellant does not claim that the trial court’s findings of fact and conclusions of law were insufficient.  Further, Appellant never requested additional findings of fact and conclusions of law.  We hold that, under these particular facts, the trial court made sufficient findings of fact and conclusions of law.  We overrule Appellant’s eighth point on appeal.

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 21, 2003