NO. 07-05-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 28, 2006
_____

DOUGLAS D. COX ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,333; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Douglas D. Cox (appellant) appeals his conviction for theft from a person aged 65 or over. His two issues involve 1) the trial court's denial of his motion to suppress and 2) the legal and factual sufficiency of the evidence supporting the conviction. We affirm the judgment.

*Background*

Troy McCurin was approached one day by appellant who was passing out some flyers. Appellant offered to help McCurin, who was in his nineties, weed his garden. McCurin paid appellant for the work. Thereafter, appellant kept returning to McCurin's

home telling McCurin of his problems, and McCurin loaned appellant some money over the course of several weeks.

On February 9, 2005, appellant went to McCurin's home where McCurin made breakfast for him. Afterward, McCurin asked appellant when he was going to repay the loans which totaled around $450. When McCurin pulled out a piece of paper on which was kept a tally of the debt, appellant pushed McCurin to the ground and ran off with McCurin's wallet. Appellant later returned to McCurin's house and told him that he had thrown the wallet in McCurin's backyard. When McCurin recovered the wallet, his money was gone.

*Issue 1 - Motion to Suppress*

Via his first issue, appellant challenges the trial court's ruling on his motion to suppress any statements he made to police on February 23, 2005. The statements were made when Detective Doug Sutton stopped him on the street and informed him he was a suspect in the theft of McCurin's money and that he should stay away from McCurin's house. Appellant contends that the interaction constituted a custodial interrogation which failed to comply with the requirements of article 38.22 of the Code of Criminal Procedure. Thus, his comments were inadmissible. We overrule the issue.

The applicable standard of review is that described in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). So, we are to defer to the trial court's findings of historical fact and review *de novo* its application of the law to the facts. *Id.* at 89.

Next, article 38.22 does not permit admission into evidence of an oral statement resulting from a custodial interrogation unless an electronic recording was made of it and the accused was warned of his legal rights. TEX. CODE CRIM. PROC. ANN. art. 38.22 §3(a) (Vernon 2005). As can be seen, the obligation imposed to record and warn are triggered

2

by the fact of a custodial interrogation. When determining whether one occurred, we look to 1) whether the suspect was physically deprived of his freedom in any significant way, 2) whether law enforcement officers told the suspect that he is not free to leave, 3) whether law enforcement officers created a situation that would lead a reasonable person to believe his freedom of movement had been significantly restricted, and 4) whether there was probable cause to arrest and law enforcement officers did not tell the suspect that he was free to leave. *Dowthitt v. State,* 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). But, in any case, the test remains whether a reasonable person under the circumstances would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Id.* at 255.

Here, Detective Sutton testified that while on his way to interview a witness for a capital murder case he was investigating, he recognized appellant walking down the street. He stopped and asked appellant to come over to him. Sutton identified himself as a police officer and even though appellant indicated he needed to get to his brother's house, Sutton asked to speak with him "briefly." When asked if he also "explained to [appellant] that *he wasn't under arrest*, that you were there just to talk to him . . .," Sutton answered "[c]orrect, correct." (Emphasis added). Additionally, appellant was not placed in the patrol car, searched in any way, or handcuffed.

During the encounter, Sutton informed appellant he was a suspect in the theft of McCurin's wallet and that he should stay away from McCurin's home. At that point, appellant said that he knew who McCurin was, that he had taken the wallet but had given it back, and that somebody else had taken the money. Sutton then told appellant that he

3

needed to talk to him some more later, handed him the officer's card, and asked appellant to call him. When asked if appellant was free to leave, Sutton responded with: "He was free to leave and he freely left." And, while appellant may have been prevented from leaving had he "ran," according to the officer, not only did that not occur but also the officer would have stopped him simply to find out why he ran. Running away was considered, by the officer, to be suspicious in itself.

In contrast, appellant testified at the suppression hearing that 1) the officer told him he wanted to ask him some questions, 2) the officer did not tell him to leave McCurin alone but told him to go to McCurin's house and pay him back, 3) the officer asked him if he knew McCurin and if he took the wallet, and 4) that even though he was not told he was under arrest, he "could see it in [the officer's] eyes that he wasn't going to let [appellant] walk off."

We note initially that if the trial court believed the officer's testimony at the suppression hearing,[1] it legitimately could have found that no interrogation occurred and that appellant merely volunteered his statement upon the officer warning appellant to leave McCurin alone.[2] *See Stevens v. State,* 671 S.W.2d 517, 520 (Tex. Crim. App. 1984)

---

[1]At trial, Sutton testified that he asked appellant if he knew he was being investigated for theft and whether he knew McCurin.

[2]The trial court announced on the record that "the defendant made . . . statements that were not the subject of interrogation . . . ." It also noted that there was no arrest, appellant was allowed to leave, and he was never told he was not free to leave. Although appellant complains on appeal that the trial court failed to file findings of fact and conclusions of law with respect to the voluntariness of his statement, *see* TEX. CODE CRIM. PROC. ANN. art. 38.22 §6 (Vernon 2005) (imposing such an obligation on the court), there is substantial compliance if the court dictates its findings and conclusions into the record and the defendant does not complain that the lack of findings or conclusions hindered the presentation of his appeal. *Drake v. State,* 123 S.W.3d 596, 601 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd); *Blount v. State,* 64 S.W.3d 451, 457 (Tex. App.–Texarkana 2001, no pet.).

4

(stating that when an accused spontaneously volunteers information that is not in response to questioning, the statement is admissible).

However, even if the officer did interrogate appellant, the trial court also would have reasonably been justified in finding that appellant was not in custody. Again, Sutton informed appellant that he wanted to speak to him "briefly," and "explained" that appellant "wasn't under arrest, and that [Sutton was] there just to talk to him . . . ." Nor was appellant detained for more than minutes, placed in handcuffs or the car, told he was under arrest, taken to the police station, or told he was not allowed to leave. So too did the encounter occur at a time when Sutton had little time to converse and was going to investigate another crime; thus, appellant was handed a card and told to call the officer later.

That appellant was told to avoid McCurin further weighs against a finding of restriction tantamount to an arrest. There was little reason to caution appellant if he was not at liberty to leave. So too does appellant's own comment that Sutton directed him to repay McCurin connote that appellant was free to leave; simply put and if appellant was not free to leave, appellant could hardly go and repay the man. Finally, appellant left when the two finished conversing.

Participating in an interview or undergoing questioning (even if at a police station) does not *ipso facto* equal custody. *Dowthitt v. State*, 931 S.W.2d at 255. Nor is a brief detention enough if the restraint is not of a degree associated with formal arrest. Nor is the fact that the appellant has become the focus of a criminal investigation, *i.e.* a suspect, enough. *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997). Indeed, many of these circumstances appeared in *Scott v. State*, 165 S.W.3d 27 (Tex. App.–Austin 2005,

5

pet. ref'd) (wherein the appellant was interviewed multiple times over a five-day period, allowed to leave after the interviews, allowed to take breaks during the interviews, remained free of handcuffs, and never frisked) and the court nonetheless held that he was not in custody during that time. *Id.* at 42-43. If the numerous exchanges in *Scott* did not evince custody, the one occurring here certainly did not. Thus, we find no error in the trial court's decision to overrule the motion to suppress.

*Issue 2 - Sufficiency of the Evidence*

Next, appellant argues that the evidence is insufficient to sustain the conviction. This is purportedly so because it did not illustrate that he permanently deprived McCurin of his wallet. We overrule the issue.

We review challenges to the sufficiency of the evidence under the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* No. PD-469-05, 2006 Tex. Crim. App. 2040 (Tex. Crim. App. October 16, 2006). Next, a theft occurs when a person unlawfully appropriates property with the intent to deprive the owner of it. TEX. PEN. CODE ANN. §31.03(a) (Vernon Supp. 2006). "To deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* §31.01(2)(A). As previously mentioned, it is the evidence establishing the latter element that appellant attacks because he returned the wallet by throwing it into McCurin's backyard.

Yet, according to McCurin, the wallet had money in it when taken by appellant but not when recovered. And despite his habitual borrowing from McCurin and need of money,

6

appellant denied taking the funds. Instead, he accused someone of journeying into McCurin's backyard and completing the theft. McCurin described appellant's explanation as "some of that good talking he can do." The jury could have also so characterized appellant's words and rationally concluded, beyond reasonable doubt, that appellant deprived McCurin of the money, if not the wallet. And, if the factfinder so concluded, we would hold the decision neither manifestly unjust, overwhelmed by contrary evidence, nor supported by weak evidence since the jury was free to believe who it cared to believe. Thus, the verdict enjoys both legally and factually sufficient evidentiary support.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.