**Gary Dale PARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68511.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1983.

Steve L. Hurt, Plainview, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for robbery, where the punishment was assessed by the jury at ten (10) years' imprisonment, probated.

Initially appellant contends in four grounds of error the trial court erred in failing to charge, despite objections and special requested charges, on the lesser included offense of theft.

V.T.C.A., Penal Code, § 29.02 (Robbery), provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain and maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

The indictment in pertinent part alleges the appellant on or about August 29, 1979 "did then and there while in the course of committing theft and with intent to obtain property of Joe Bradley, to wit: current money of the United States without the effective consent of the said Joe Bradley and with intent to deprive the said Joe Bradley of said property, did then and there intentionally and knowingly place Joe Bradley in fear of imminent bodily injury . . . ."

It is clear that the indictment charged robbery under V.T.C.A., Penal Code, § 29.-02(a)(2).

Joe Bradley testified that on August 29, 1979, he was 16 years old and a news carrier for the Plainview Daily Herald. At noon on that day he was collecting for his paper route. He had his money in a plastic bank bag. He observed a black male along the railroad tracks. After he made other collections, he came back near the tracks by the cement company. It was at this time that a black man grabbed him around his neck from behind and applied pressure. The man asked Bradley if he had money in the bag and Bradley answered "Yes." The man took the money bag away, mentioned something about a gun and told Bradley to keep walking and not to look back. Bradley walked half a block, turned around and saw no one, then ran home and called the police. He testified the money bag contained thirty or forty dollars including paper money, change and checks. He remembered two or three dollars in quarters.

Bradley testified appellant had a similar appearance as the man who robbed him and was the "right age," but he could not make a positive in-court identification of appellant.

With regard to whether Bradley was placed in fear of imminent bodily injury, the direct examination of Bradley shows:

"Q With (sic) you frightened?

"A Yes, sir.

\* \* \* \* \* \*

"Q Okay. What did he say about the gun?

"A He said if I looked back after I started walking he would shoot me.

"Q Were you afraid?

"A Yes, sir.

"Q What did you think he would do?

"A Probably do that.

"Q What's that?

"A Shoot.

"Q Is that what he said he would do?

"A Yes, sir.

\* \* \* \* \* \*

"Q All right. Did you try to get away when he had is (sic) arm around your neck?

"A No, sir.

"Q Why not?

"A I didn't want him to choke me.

"Q Were you afraid he would?

"A Yes, sir.

"Q Did he sound serious to you when he was talking to you?

"A Yes, sir.

"Q —and then he told you to—that he had a gun and you were supposed to walk straight down the block.

"A Yes, sir."

On recross examination of Bradley the record shows:

"Q Did it tend to frighten you when he said he had a gun?

"A Yes, sir.

"Q And prior to that time you would have been, at least to the same extent you were after he told you he had a gun?

"A I was frightened anyway. As soon as he grabbed me I started—I was still frightened after he let me loose."

As a part of the State's case the prosecutor introduced appellant's written extrajudicial confession into evidence. The confession stated he had gone to the cement company to check on a job, and that he saw a white boy whom he had never seen before on the pavement walking north, asked if he had money, and the boy said "yeh." The confession then stated, "I had him on the shoulder near the middle of his chest with my left hand. He gave me the money with his right hand over his shoulder—. Then I told him to keep on walking and not to look back." Appellant then confessed the money bag had about $18.00 to $19.00 in bills and change in it. The appellant did not testify or offer any evidence. He rested with the State.

The court charged the jury at the guilt stage of the trial in accordance with the statement and the jury found appellant guilty of robbery. The appellant contends there should have been a charge on the lesser included offense of theft.

Article 37.09(1), V.A.C.C.P., provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . . "

Theft may be a lesser included offense of robbery under the facts of a particular case. See *Campbell v. State,* 571 S.W.2d 161 (Tex. Cr.App.1978); *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981).

The facts of this case show a completed theft, so we must determine if appellant was entitled to a charge on the lesser included offense.

In *McKinney v. State,* 627 S.W.2d 731 (Tex.Cr.App.1982), this court wrote:

"In *McBrayer v. State,* 504 S.W.2d 445 [Tex.Cr.App.1974], it was held that merely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser is not required unless there is testimony raising such issue that the defendant, if guilty, is guilty only of the lesser offense. In the recent case of *Royster v. State,* 622 S.W.2d 442 [Tex.Cr.App.1981], it was stated:

"'Thus, in determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Eldred v. State,* 578 S.W.2d 721 [Tex.Cr. App.1979]. This Court has consistently employed the two-step analysis in recent opinions dealing with the necessity of a charge on a lesser included offense. *Id.* at 446.'"

As we have seen, theft was included within the proof necessary to establish the robbery charge. The question remaining in the two-step analysis is whether there is some evidence that if the appellant is guilty, he is guilty of only the lesser offense of theft. Here the State's case, including Bradley's testimony and appellant's confession, showed theft but also the additional elements to support robbery under V.T. C.A., Penal Code, § 29.02(a)(2), as alleged. The appellant offered no evidence. We cannot say after an examination of all the evidence that there is some evidence that if the appellant is guilty he is guilty of only the lesser offense of theft. See *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). As pointed out in *McBrayer v. State,* supra, merely because a lesser offense is included within the proof of a greater offense is not enough standing alone to entitle a defend-

ant to a charge on the lesser included offense.

Appellant's contentions are overruled.

■ In his fifth ground of error appellant contends the trial court reversibly erred in failing to file among the papers of the cause his findings of fact and conclusions of law as to voluntariness and admissibility of the extrajudicial confession as required by Article 38.22, V.A.C.C.P. The court conducted a *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), or Article 38.22 hearing out of the jury's presence in accordance with the appellant's request. The only witness was the officer who had taken the confession. It was shown that the proper warnings were given and that the appellant voluntarily gave the statement. No disputed fact issue was raised on cross-examination. At the conclusion of the hearing, the trial court dictated his findings and conclusions to the court reporter. These findings have now been transcribed and made part of the statement of facts filed with the district clerk and made a part of the appellate record approved without objection. We conclude that under the circumstances of this particular case, there has been a sufficient compliance with Article 38.22, V.A.C.C.P. The contention is overruled. See and cf. *Dirck v. State,* 579 S.W.2d 198 (Tex.Cr. App.1979).

The judgment is affirmed.