COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-146-CR
 
  
ZAPRIA 
SHAVONE BAINES                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Zapria Shavone Baines was indicted for the offense of aggravated robbery, and a 
jury found her guilty of the lesser included offense of robbery by threats and 
assessed her punishment at twenty years’ confinement. In two points, Baines 
complains that the trial court erred by failing to instruct the jury on the 
lesser included offense of theft and by failing to provide a reasonable doubt 
instruction regarding extraneous offenses at punishment. We will affirm.
II. Factual 
Background
        On 
March 31, 2003, Virginia Farley went to the dry cleaners on her lunch break. 
Farley pulled into the parking lot, exited her 1999 Chevrolet Suburban, and 
encountered Baines standing next to her. Baines said to Farley, “Give me your 
keys, please.” Farley thought that Baines was trying to sell her something and 
responded, “No, thank you.” Farley noticed that there was a gun in 
Baines’s purse and that she had her hand on it. Baines said to Farley, “Give 
me your keys or I’m going to clock you with this gun.” Farley was afraid 
that she might be injured or killed, so she gave Baines her keys. Baines told 
Farley to leave her purse and cell phone in the Suburban, but Farley grabbed her 
purse and gym bag and ran in the other direction. Farley hid between two cars in 
the parking lot, and Baines drove away, tires squealing. Farley went to a nearby 
YMCA and called 911.
        Arlington 
police broadcast that a white, 1999 Chevrolet Suburban had been stolen, and 
Officer Richard Grimmett saw a vehicle that matched that description and 
proceeded to follow it. A second Arlington police squad car joined Officer 
Grimmett and its emergency lights were activated. The Suburban accelerated and 
the driver attempted to flee. Officers gave chase. The Suburban traveled north 
onto Highway 360, east on Highway 183, and then through Irving and Grand Prairie 
to Interstate 30; it traveled at speeds up to 100 miles per hour. Officers 
eventually deployed spike strips that punctured the Suburban’s tires, bringing 
an end to the chase.
        Baines 
and two other passengers were taken into custody, and a “soft air pistol,” 
or pellet gun, was found in the Suburban. Baines was returned to Arlington where 
an investigator interviewed her and took her statement.
III. Lesser 
Included Offense—Theft
        In 
her first point, Baines argues that the trial court erred by failing to instruct 
the jury on the lesser included offense of theft. Baines argues that a portion 
of her written statement could have allowed the jury to conclude that she did 
not intentionally or knowingly show Farley the air pistol, thus permitting a 
rational jury to conclude that she was only guilty of theft. Baines points to 
the portion of her statement in which she stated that her purse strap fell off 
of her shoulder and that when she reached over to pull it up, Farley probably 
saw the air pistol in her purse.[2]
        A. Law
        The 
determination of whether an offense is a lesser included offense is done on a 
case-by-case basis. Jacob v. State, 892 S.W.2d 905, 907 (Tex. Crim. App. 
1995). A two pronged test is used in determining whether a court is required to 
charge the jury on a lesser included offense. Rousseau v. State, 855 
S.W.2d 666, 672 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993). 
First, the lesser included offense must be included within the proof necessary 
to establish the offense charged, and second, there must be some evidence in the 
record that would permit a jury rationally to find that if the defendant is 
guilty, he is guilty only of the lesser offense. Id.; see also Tex. Code Crim. Proc. Ann. art. 37.09 
(Vernon 1981) (defining lesser included offense). We review all of the evidence 
presented at trial to determine if the trial court erred by failing to give a 
charge on a lesser included offense. Havard v. State, 800 S.W.2d 195, 216 
(Tex. Crim. App. 1990) (op. on reh’g).  Anything more than a scintilla of 
evidence is sufficient to entitle a defendant to a lesser charge.  Forest 
v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999).
        A 
person commits theft if he unlawfully appropriates property with intent to 
deprive the owner of property. Tex. Penal Code Ann. § 31.03(a) (Vernon 
Supp. 2004-05).  A person commits robbery if, in the course of committing a 
theft with the intent to obtain or maintain control of the property, he 
intentionally or knowingly threatens or places another in fear of imminent 
bodily injury or death.  Id. § 29.02(a)(2).  A person commits 
aggravated robbery if he commits robbery and uses or exhibits a deadly 
weapon.  Id. § 29.03(a)(2).
        B. Baines Not Entitled to Theft Instruction
        Regarding 
the first prong, the State concedes that theft can be a lesser included offense 
of aggravated robbery. See Parr v. State, 658 S.W.2d 620, 622 (Tex. Crim. 
App. 1983). Therefore, our analysis proceeds to the second prong; we examine the 
record to determine whether evidence exists which would permit a rational jury 
to find that Baines was guilty only of theft.
        The 
evidence shows that Baines had a purse on her right arm when she approached 
Farley. Inside of the purse was a gun, and Baines admitted in her statement that 
the top portion of the gun was sticking up out of her purse, visible to Farley. 
Baines approached Farley and made some type of demand, Farley turned over her 
keys and ran and hid in between some vehicles because she was afraid that Baines 
would shoot her in the back with the gun. Accordingly, even if the jury believed 
that portion of Baines’s statement in which she claims that she did not 
intentionally or knowingly “show” Farley the gun—it was simply sticking 
out of her purse on top of her chips and noodles—the jury still could not 
convict Baines only of theft because the facts admitted by Farley indicate she 
knowingly placed Farley in fear of imminent bodily injury or death by demanding, 
while a carrying a visible gun, that Farley relinquish her keys. See, e.g., 
Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (recognizing 
robbery occurs if accused places the complainant in fear of bodily injury or 
death to the degree that "reason and common experience" will likely 
induce the complainant to part with his property against his will). 
Consequently, Rousseau’s second prong is not satisfied by the evidence 
Baines points to; no evidence exists in the record that would permit a rational 
jury to find that if Baines was guilty, she was guilty only of theft. See 
Rousseau, 855 S.W.2d at 672. We overrule Baines’s first point.
IV. Reasonable 
Doubt Instruction
        In 
her second point, Baines argues that she suffered egregious harm from the trial 
court’s failure to instruct the jury in its charge at punishment that they 
could only consider extraneous offenses proven beyond a reasonable doubt. The 
State concedes that the trial court erred by failing to include a reasonable 
doubt burden of proof instruction regarding extraneous offenses and bad acts in 
the punishment charge, but argues that this did not cause Baines egregious harm. 
See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on 
reh’g) (holding Texas Code of Criminal Procedure article 37.07 requires trial 
court to include reasonable doubt instruction regarding extraneous offenses in 
punishment charge even if defense does not request it).[3]
        Counsel 
for Baines stated that he had “no objection” to the jury charge just before 
it was read it to the jury. As the State points out, an affirmative denial of 
objection is deemed equivalent to a failure to object. See Bluitt, 137 
S.W.3d at 53. We therefore determine whether the error was harmful under the 
standard set forth in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. 
App. 1985) (op. on reh’g). See id.; Huizar, 12 S.W.3d at 484-85. 
Accordingly, we must decide whether the error was so egregious and created such 
harm that appellant did not have a fair and impartial trial—in short, that 
“egregious harm” has occurred.  Almanza, 686 S.W.2d at 171; see 
Tex. Code Crim. Proc. Ann. art. 
36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 
1996).  In making this determination, “the actual degree of harm must be 
assayed in light of the entire jury charge, the state of the evidence, including 
the contested issues and weight of probative evidence, the argument of counsel 
and any other relevant information revealed by the record of the trial as a 
whole.”  Almanza, 686 S.W.2d at 171; see generally Hutch, 
922 S.W.2d at 172-74.  The purpose of this review is to illuminate the 
actual, not just theoretical, harm to the accused.  Almanza, 686 
S.W.2d at 174.  Egregious harm is a difficult standard to prove and must be 
determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 
226, 227 (Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.
        The 
jury convicted Baines of robbery, a second degree felony punishable from two to 
twenty years’ confinement and a fine up to $10,000, and assessed her 
punishment at twenty years’ confinement—the maximum sentence possible under 
the relevant statute. Tex. Penal Code 
Ann. § 29.02(b), 12.33. [CR: 70, 74] The State elicited the following 
extraneous bad acts testimony from Baines’s mother at punishment:
   
-Baines began misbehaving and disobeying her mother at age ten or eleven, 
specifically by acting up and disrupting class.
 
  
       -Baines would get into fights 
with other children.
         -Baines 
began to have a temper problem around age ten.
-Baines 
would stay out late and associate with people whom her mother disapproved of.
 
-Baines 
threw a rock at a window because her mother wouldn’t let her go somewhere.
 
  
        -Baines allegedly stole 
from Wal-Mart.
-Baines 
was sent to the Caddo Detention Center while in Louisiana for not attending 
alternative school.
 
-Baines 
was placed on juvenile probation in Texas for failing to attend alternative 
school.
 
         -Baines 
was banned from The Parks Mall for theft.
-Police 
came to talk to Baines about a fight at her apartment complex.
 
         -Baines 
fired a handgun at some point during a fight.
-Baines 
argued with her mother outside of a courtroom; she had to be detained.
 
         -Baines 
was placed on juvenile probation on March 14, 2003.
  
Baines argues that she suffered egregious harm because in closing argument 
“the State specifically emphasized Appellant’s alleged prior bad acts as a 
reason to assess a lengthy sentence” and the jury, in turn, “accommodated 
the prosecutor’s request and sentenced Appellant to the statutory maximum 
sentence.”
        After 
reviewing the record as a whole, we cannot conclude that the trial court’s 
error in failing to include a reasonable doubt instruction concerning extraneous 
offenses caused Baines egregious harm. The sentence is within the prescribed 
range of punishment. The extraneous misconduct consisted of “minor matters,” 
including acts amounting to disobedience and firing a gun; there was no evidence 
of injuries or confinement. During closing argument, the State primarily 
emphasized the offense being tried—the robbery—its affect on Farley and her 
husband, and the fact that Baines placed many people at risk by leading police 
on a high speed chase through three counties. The State did not emphasize the 
extraneous bad acts evidence to the extent Baines suggests in her brief. 
Moreover, evidence of Baines’s guilt was overwhelming. We hold that the trial 
court’s failure to include a reasonable doubt burden of proof instruction 
regarding extraneous offenses and bad acts in the charge at punishment was 
harmless error; Baines did not suffer egregious harm and was not denied a fair 
and impartial trial. See Almanza, 686 S.W.2d at 171; Huizar, 29 
S.W.3d at 251 (holding trial court’s error in failing to include reasonable 
doubt definition in charge at punishment harmless despite jury imposing maximum 
sentence). We overrule Baines’s second point.
V. Conclusion
        Having 
overruled both of Baines’s points, we affirm the trial court’s judgment.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
  
PANEL 
A:   CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The relevant portion of Baines’s statement reads as follows:
My 
purse was on my right arm. The gun was at the top of my purse, and the hand part 
of the gun was sticking out because my chips and my noodles were in the bottom 
of the purse. One of my straps had fallen off my shoulder so I reached over with 
my right arm and pulled the strap up.  I guess the lady thought that I was 
gonna hurt her or something. She probable [sic] saw the gun or something, so she 
gave me her keys.
3.  
In Bluitt v. State, the court of criminal appeals held that the trial 
court need not give a beyond-a-reasonable-doubt instruction concerning 
extraneous offenses when those offenses resulted in either a final conviction, 
probation, or deferred adjudication.  137 S.W.3d 51, 54 (Tex. Crim. App. 
2004).  None of the complained of extraneous offenses or bad acts in this 
case resulted in a prior conviction or deferred adjudication.