Zapria Shavone Baines v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-146-CR

ZAPRIA SHAVONE BAINES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Zapria Shavone Baines was indicted for the offense of aggravated robbery, and a jury found her guilty of the lesser included offense of robbery by threats and assessed her punishment at twenty years’ confinement. 
 
In two points, Baines complains that the trial court erred by failing to instruct the jury on the lesser included offense of theft and by failing to provide a reasonable doubt instruction regarding extraneous offenses at punishment.  We will affirm.

II.  Factual Background

On March 31, 2003, Virginia Farley went to the dry cleaners on her lunch break.  Farley pulled into the parking lot, exited her 1999 Chevrolet Suburban, and encountered Baines standing next to her.  Baines said to Farley, “Give me your keys, please.”  Farley thought that Baines was trying to sell her something and responded, “No, thank you.”  Farley noticed that there was a gun in Baines’s purse and that she had her hand on it.  Baines said to Farley, “Give me your keys or I’m going to clock you with this gun.”  Farley was afraid that she might be injured or killed, so she gave Baines her keys.  Baines told Farley to leave her purse and cell phone in the Suburban, but Farley grabbed her purse and gym bag and ran in the other direction.  Farley hid between two cars in the parking lot, and Baines drove away, tires squealing.  Farley went to a nearby YMCA and called 911. 

Arlington police broadcast that a white, 1999 Chevrolet Suburban had been stolen, and Officer Richard Grimmett saw a vehicle that matched that  description and proceeded to follow it.  A second Arlington police squad car joined Officer Grimmett and its emergency lights were activated.  The Suburban accelerated and the driver attempted to flee.  Officers gave chase.  The Suburban traveled north onto Highway 360, east on Highway 183, and then through Irving and Grand Prairie to Interstate 30; it traveled at speeds up to 100 miles per hour.  Officers eventually deployed spike strips that punctured the Suburban’s tires, bringing an end to the chase. 

Baines and two other passengers were taken into custody, and a “soft air pistol,” or pellet gun, was found in the Suburban.  Baines was returned to Arlington where an investigator interviewed her and took her statement. 

III.  Lesser Included Offense—Theft

In her first point, Baines argues that the trial court erred by failing to instruct the jury on the lesser included offense of theft.  Baines argues that a portion of her written statement could have allowed the jury to conclude that she did not intentionally or knowingly show Farley the air pistol, thus permitting a rational jury to conclude that she was only guilty of theft.  Baines points to the portion of her statement in which she stated that her purse strap fell off of her shoulder and that when she reached over to pull it up, Farley probably saw the air pistol in her purse.
(footnote: 2)  

A.  Law

The determination of whether an offense is a lesser included offense is done on a case-by-case basis.  
Jacob v. State
, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995).  A two pronged test is used in determining whether a court is required to charge the jury on a lesser included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).  First, the lesser included offense must be included within the proof necessary to establish the offense charged, and second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.  
Id
.; 
see also 
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981) (defining lesser included offense).  We review all of the evidence presented at trial to determine if the trial court erred by failing to give a charge on a lesser included offense.  
Havard v. State
, 800 S.W.2d 195, 216 (Tex. Crim. App. 1990) (op. on reh’g).  Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.  
Forest v. State
, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999).

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property.  
Tex. Penal Code Ann. 
§ 31.03(a) (Vernon Supp. 2004-05). A person commits robbery if, in the course of committing a theft with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Id.
 § 29.02(a)(2).  A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon.  
Id
. § 29.03(a)(2).

B.  Baines Not Entitled to Theft Instruction

Regarding the first prong, the State concedes that theft can be a lesser included offense of aggravated robbery.  
See Parr v. State
, 658 S.W.2d 620, 622 (Tex. Crim. App. 1983).  Therefore, our analysis proceeds to the second prong; we examine the record to determine whether evidence exists which would permit a rational jury to find that Baines was guilty 
only 
of theft.

The evidence shows that Baines had a purse on her right arm when she approached Farley.  Inside of the purse was a gun, and Baines admitted in her statement that the top portion of the gun was sticking up out of her purse, visible to Farley.  Baines approached Farley and made some type of demand, Farley turned over her keys and ran and hid in between some vehicles because she was afraid that Baines would shoot her in the back with the gun.  Accordingly, even if the jury believed that portion of Baines’s statement in which she claims that she did not intentionally or knowingly “show” Farley the gun—it was simply sticking out of her purse on top of her chips and noodles—the jury still could not convict Baines only of theft because the facts admitted by Farley indicate she knowingly placed Farley in fear of imminent bodily injury or death by demanding, while a carrying a visible gun, that Farley relinquish her keys.  
See, e.g., Devine v. State
, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (recognizing robbery occurs if accused places the complainant in fear of bodily injury or death to the degree that "reason and common experience" will likely induce the complainant to part with his property against his will).  Consequently, 
Rousseau
’s second prong is not satisfied by the evidence Baines points to; 
no evidence exists in the record that would permit a rational jury to find that if Baines was guilty, she was guilty 
only 
of theft.  
See Rousseau
, 855 S.W.2d at 672.  We overrule Baines’s first point.

IV.  Reasonable Doubt Instruction

In her second point, Baines argues that she suffered egregious harm from the trial court’s failure to instruct the jury in its charge at punishment that they could only consider extraneous offenses proven beyond a reasonable doubt.  The State concedes that the trial court erred by failing to include a reasonable doubt burden of proof instruction regarding extraneous offenses and bad acts in the punishment charge
, 
but argues that this did not cause Baines egregious harm
.  See Huizar v. State
, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh’g) (holding Texas Code of Criminal Procedure article 37.07 requires trial court to include reasonable doubt instruction regarding extraneous offenses in punishment charge even if defense does not request it).
(footnote: 3)  

Counsel for Baines stated that he had “no objection” to the jury charge just before it was read it to the jury.  As the State points out, an affirmative denial of objection is deemed equivalent to a failure to object.  
See Bluitt
, 137 S.W.3d at 53.  We therefore determine whether the error was harmful under the standard set forth in 
Almanza v. State, 
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  
See id
.; 
Huizar
, 12 S.W.3d at 484-85.  Accordingly, we 
must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that “egregious harm” has occurred. 
 Almanza
, 686 S.W.2d at 171;
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  
Almanza
, 686 S.W.2d at 174.  Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.  
Ellison v. State
, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); 
Hutch
, 922 S.W.2d at 171.

The jury convicted Baines of robbery, a second degree felony punishable from two to twenty years’ confinement and a fine up to $10,000, and assessed her punishment at twenty years’ confinement—the maximum sentence possible under the relevant statute.  
Tex. Penal Code Ann.
 § 29.02(b), 12.33. [CR: 70, 74] The State elicited the following extraneous bad acts testimony from Baines’s mother at punishment:

-Baines began misbehaving and disobeying her mother at age ten or eleven, specifically by acting up and disrupting class.

-Baines would get into fights with other children.

-Baines began to have a temper problem around age ten.

-Baines would stay out late and associate with people whom her mother disapproved of.

-Baines threw a rock at a window because her mother wouldn’t let her go somewhere.

-Baines allegedly stole from Wal-Mart.

-Baines was sent to the Caddo Detention Center while in Louisiana for not attending alternative school.

-Baines was placed on juvenile probation in Texas for failing to attend alternative school.

-Baines was banned from The Parks Mall for theft. 

-Police came to talk to Baines about a fight at her apartment complex. 

-Baines fired a handgun at some point during a fight. 

-Baines argued with her mother outside of a courtroom; she had to be detained.  

-Baines was placed on juvenile probation on March 14, 2003. 

Baines argues that she suffered egregious harm because in closing argument “the State specifically emphasized Appellant’s alleged prior bad acts as a reason to assess a lengthy sentence” and the jury, in turn, “accommodated the prosecutor’s request and sentenced Appellant to the statutory maximum sentence.”

After reviewing the record as a whole, we cannot conclude that the trial court’s error in failing to include a reasonable doubt instruction concerning extraneous offenses caused Baines egregious harm.  The sentence is within the prescribed range of punishment.  The extraneous misconduct consisted of “minor matters,” including acts amounting to disobedience and firing a gun; there was no evidence of injuries or confinement.  During closing argument, the State primarily emphasized the offense being tried—the robbery—its affect on Farley and her husband, and the fact that Baines placed many people at risk by leading police on a high speed chase through three counties.  The State did not emphasize the extraneous bad acts evidence to the extent Baines suggests in her brief.  Moreover, evidence of Baines’s guilt was overwhelming.  We hold that the trial court’s failure to include a reasonable doubt burden of proof instruction regarding extraneous offenses and bad acts in the charge at punishment was harmless error; Baines did not suffer egregious harm and was not denied a fair and impartial trial.  
See 
Almanza
, 686 S.W.2d at 171; 
Huizar
, 29 S.W.3d at 251 (
holding trial court’s error in failing to include reasonable doubt definition in charge at punishment harmless despite jury imposing maximum sentence).  We overrule Baines’s second point.

V.  Conclusion

Having overruled both of Baines’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The relevant portion of Baines’s statement reads as follows:

My purse was on my right arm.  The gun was at the top of my purse, and the hand part of the gun was sticking out because my chips and my noodles were in the bottom of the purse.  One of my straps had fallen off my shoulder so I reached over with my right arm and pulled the strap up.  I guess the lady thought that I was gonna hurt her or something.  She probable [sic] saw the gun or something, so she gave me her keys.

3:
In 
Bluitt v.
 
State
, the court of criminal appeals held that the trial court need not give a beyond-a-reasonable-doubt instruction concerning extraneous offenses when those offenses resulted in either a final conviction, probation, or deferred adjudication.  137 S.W.3d 51, 54 (Tex. Crim. App. 2004).  None of the complained of extraneous offenses or bad acts in this case resulted in a prior conviction or deferred adjudication.