

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00197-CR

_____

CARL EDWARD BREWER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1478949

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Carl Edward Brewer appeals his conviction for murder.[1]  *See* Tex. Penal Code Ann. § 19.02.  He raises a single complaint on appeal:  he asserts that the trial court "failed to satisfy the mandatory requirements imposed by Texas Code of Criminal Procedure, Article 38.22, § 6 by neglecting to enter written findings of fact and conclusions of law"[2] on his motion to suppress his videotaped police interview. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6.

The motion to suppress came just after trial began, and in it, Brewer argued that his videotaped statements to the police had been involuntary.  Because this "raised [a question] as to the voluntariness of a statement of [the] accused," Article 38.22 required the trial court to "make an independent finding" outside the jury's presence and to "enter an order stating [the trial court's] conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based."  *Id.*; *see Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (noting that "Article 38.22, § 6, is mandatory" and "requires a trial court to file its findings of fact and conclusions of law . . . whether or not the

---

[1]Brewer was indicted on three counts—one count of capital murder and two lesser-included counts of murder—but the jury found him guilty of one instance of murder, and it assessed his punishment at 60 years' confinement.

[2]For readability, this quotation's formatting has been altered.

defendant objects" (internal quotation marks omitted)). According to Brewer, this did not happen.

Brewer asserts that—even though his suppression motion raised the voluntariness issue, even though the trial court held a hearing on the issue outside the jury's presence, and even though he repeatedly requested findings—the trial court failed to enter any written Article 38.22 findings or conclusions. While Brewer acknowledges the longstanding rule that "[a] trial court satisfies the requirements of Article 38.22 when it dictates its findings and conclusions to the court reporter[] and they are transcribed and made a part of the statement of facts [i.e., the reporter's record]," *Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003); *accord Alford v. State*, 358 S.W.3d 647, 651 n.6 (Tex. Crim. App. 2012); *Busby v. State*, 253 S.W.3d 661, 669 (Tex. Crim. App. 2008); *Parr v. State*, 658 S.W.2d 620, 623 (Tex. Crim. App. 1983); *Arriaga v. State*, No. 02-19-00099-CR, 2019 WL 6904299, at *10 (Tex. App.—Fort Worth Dec. 19, 2019, pet. ref'd) (mem. op., not designated for publication), he insists that "[n]o such dictation and finding occurred in the case at bar."[3] But such dictation did, in fact, occur in the case at bar.

---

[3]Brewer asks the court to "abate the appeal" for the trial court's entry of the "neglect[ed]" findings.

At the end of the suppression hearing,[4] the trial court dictated its findings and conclusions on the record:

> The Court is going to, number one, observe that [in the video], it appears the defendant was provided water . . . during the [custodial] interview. There is a water bottle in front of him. The Court sees nothing to show that the statements made were the result of coercion or involuntary, and the Court is not going to deny [the video exhibit] or the contents of this interview. The Court . . . has no basis to find that it is an involuntary statement.

The trial court went on to expressly clarify that it intended for its above-quoted statements to constitute its Article 38.22 findings and conclusions on the voluntariness issue—when Brewer asked for written findings, the court responded that "it [had already] satisfied the request and given its conclusions of fact and law, statement of facts and conclusions of law, as reflected in this record."

Then, the next day, the trial court supplemented its oral findings, noting that "there was one finding [it had] not put on the record" and adding that it "also f[ound] that [Article] 38.23 [of the Code of Criminal Procedure] was complied with with the custodial interrogation video and the recitation of rights" and that this "[wa]s another reason for [its] denial of [the] motion to suppress." When Brewer again asked for the trial court's findings to be reduced to writing, the trial court again clarified that "[its]

---

[4]At the hearing, the State offered Brewer's videotaped interview into evidence, and Brewer asked the trial court to take judicial notice of his age at the time of the interview and of the fact that, at one point between the interview and trial, he had gone to a mental health hospital and been found to be incompetent.

4

statements on the record, which will be written, will constitute the findings of fact and conclusions."

Brewer makes no mention of these dictated findings and conclusions. He does not challenge them as lacking in evidentiary support or claim that they were insufficient to satisfy Article 38.22 in some manner. Nor does he address the merits of the underlying voluntariness issue. Rather, as the State points out, Brewer "has apparently misread the record, and it directly contradicts his complaint."

Because Brewer's sole appellate complaint is that the trial court failed to enter Article 38.22 findings when the trial court did, in fact, enter such findings—and repeatedly clarified on the record that it had done so—we overrule Brewer's complaint and affirm the trial court's judgment.[5] *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 29, 2025

---

[5]The State urges us to reform the judgment to correct a clerical error. It notes that the judgment purports to pertain to count 1 of the indictment—capital murder—rather than count 3 of the indictment—murder as found by the jury. However, count 3 was a lesser-included offense of count 1. The jury was charged accordingly, and the judgment accurately reflects that it resolves count 1 based on the "Lesser[-]Included Offense" of murder. Reformation is not necessary.

5